RECEIVED BY MAIL
MAR 0 7 2019
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 18-149 (SRN/DTS) |
| | ) | |
| V.      Plaintiff, | ) | Defendants OBJECTION to United states |
| | ) | opposition of defendants motion to |
| NORRIS DESHON ANDREWS, | ) | dismiss for violation of speedy trial act |
| | ) | |
| Defendant, | ) | |

The defendant rejects/ opposes the united states claims of excludable days reported and excludable under the speedy trial act statue 3161(h)(1)(D).

1. while Yes on the defendants first appearance June 22, 2018 the gov moved for detention but it was granted the same day! See (Dkt# 7) where it is shown/noted that magistrate judge"JON T. HUSEBY" granted the gov's motion/request for detention so the gov's claim of that his motion was under consideration is moot because as seen in dkt 7 the court ruled and granted the motion the same day which make the defendant speedy trial clock to continue started June 22, 2018. so no time between June 22, 2018 thru June 26th, 2018 is excludable under 311(h)(1)(D)

2. while yes again it's true what the government claim that the defendant made a motion on June 16th for a continuance that was granted on June 18th See (DKT's #20 & 22) But as noted in the motion for continuance dkt 20 the defendants addressed the gov's "letter to the courts" Dkt 15 in which "the government sought a one week continunce/delay of the date of the pretrial motion hearing, and the court issued a notice rescheduling the hearing one week later then previously scheduled" See(dkt 15 letter to court) Also stated in the defendants motion dkt 20 was the grounds and reasoning for the defendant asking for continunce... The other part of the motion worth noting is when the defendant addressed the courts saying " TO BE CLEAR MR.ANDREWS DOES NOT SEEK A CHANGE IN THE PRETRIAL MOTIONS HEARING DATE. COUNSEL, Has conferred with the attorney for the government WHO DOES NOT OPPOSE THIS MOTION, SO LONG AS THE GOV IS ALLOWED TWO WEEKS TO RESPOND TO MR. ANDREWS PRETRIAL MOTIONS." To that the courts granted motion See DKT 22...The time the courts granted for the continuance is not excludable under

SCANNED
MAR 07 2019
U.S. DISTRICT COURT MPLS

statue 18 USC 3161(h)(7)(A) "*Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.*" Noting that the magistrate did not set out a order for exclusion in the record orally nor in writing so this time is counted in the computing of the defendants speedy trail days. So from June 22th, 2018 thru July 24th, 2018 the defendant has a total; of 33 days at this point.

3. And on July 24th 2018 the defendant did file motions which stopped the computing days into the defendants speedy trial computing, that time was excludable under 18 USC Statue 3161 (h)(1)(D) till August 8th, 2018. How ever the courts on its own orders/motions made 3 continuances of the motions hearing See (DKT'S # 17 (TEXT-ONLY) "ORDER" DATED23 "ORDER" DATED:7/19/8, 33 "ORDER" DATED:7/31/18DATED) Again as stated above the magistrate did not file a order\ of exclusion for these continuances stating his ground for the continuance under statue 3161 (h)(7)(A)"*No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.*" As seen here in (DKT#74 "order" Dated:11/13/18 by the magistrate judge David T Schultz)Notes the courts did just that and ordered following continuance days from NOV 9th, THRU NOV. 26Th, 2018 the time be excluded UNDER Statue 18 USC 3161(h)(7)(A)… ( *Note the defendant object to those days being taking/excluded as noted in his Memorandum in support of motion to dismiss for speedy trial violation, Grounds for objection & reserving days laid out in memo to motion*)… So the other continuances taking by the courts on it own orders and request of the government is not excluded or excludable under statue 18 USC 3161(h)(7)(A) ( *Note also as to or for the Gov'S argument that all the days between July 24th, 2018 and Feb. 19th, 2019 were ecluded under statue 18 USC 3161(h)(1)(D) is moot and its without foundation for surely if the day were already excludable then there would not have been no reason for the magistrate to exclude Nov. 6th, thru Nov. 26th, 2018 'see DKT#74' for these day weren't being counted towards the defendants speedy trial right computing which shows the defendant*

*is and was entitled to these days from the many continuance taking by the courts/Government*) The motions hearing was originally set for August 8th, 2018 The delays by the continuances which pushed back not only the motions hearing but the defendants trial date(See DKT#33 "order" By Magistrate Judge David T Schultz) it self was from August 8th, thru September 10th, 2018 for a total of 33 days that's not exculable under 3161(h)(7)(A), Nor under 3161 (h)(7)(A)… Total Days in speedy trial computing= 66, as of the September 10th,2018 hearing…

The Days from the September 10th,2018 hearing thru February 19th, 2019 Order, report and recommendation finngs by the magistrate the defendant feels he is entitled to some of those days also in the computing of his speedy trial right act "18 U.S.C statue 3161" Namely the continuances that had to be taken by the courts for the governments discovery issues See( September 19th, 2018 motion hearing Tr.25:11-28:25) also see hearings of Sept 19th,2018 continuances. Again these continuous was taking with out the magistrate setting out has grounds for the exclusion of time in the record under18 USC Statue 3161(h)(7)(A)… As stated in the defendants 'memorandum in support of his motion the dismiss for speedy trial violation' the defendant reserves the right to any and all day between Oct 5th, 2018 and Feb. 19th, 2019. As of today 3/3/2019 the defendants knows he well beyond his speedy trial act days of 70 and wound ask the courts to review all the continuous in the case and see that the defendant is in fact past his days and add to his days all the days in which the court granted continuances in this case with the roper exclusion of time set out as stated under statue 18 USC 3161(h)(7)(A)

RESPECTFULLY SUBMITTED

DATE:3/3/2019

/S/ NORRIS D. ANDREWS
SHEREBURN CO. JAIL
13880 BUSINESS CENTER DR.
ELK RIVER, MN, 55330