UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 18-CR-149 (SRN/DTS) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| NORRIS DESHON ANDREWS, | |
| Defendant. | |

_____

## INTRODUCTION

Pro Se Defendant Norris Deshon Andrews moves to dismiss the indictment against him, contending that his rights under the Speedy Trial Act and Sixth Amendment have been violated. After reviewing the docket, the Court concludes that Andrews's right to a speedy trial, as codified in the Speedy Trial Act and as guaranteed by the Sixth Amendment, has not been violated.

## FINDINGS OF FACT

Andrews made an initial appearance on June 22, 2018, at which time the indictment against him was also unsealed. Initial Appearance Minutes, Docket No. 7. At the initial appearance, the Government moved to detain Andrews pending trial. *Id.* The Court held a hearing and granted the motion on June 26, 2018. Detention Hr'g Minutes, Docket No. 11.

On July 16, 2018, Andrews's then-counsel sought a brief continuance of the motion filing deadline. Docket No. 20. The Court granted the motion on July 18. Order, July 18, 2018, Docket No. 22. Andrews filed his first pretrial motions on July 24. Docket Nos. 24-31. The Court held an evidentiary hearing on these motions on September 10, but it was cut short when the Defense discovered that the Government had inadvertently failed to

produce an exhibit. Hr'g Minutes, Sept. 10, 2018, Docket No. 39. Following the hearing and production of the exhibit, Andrews, still represented by counsel, filed additional motions. Docket Nos. 40-42.

At the next evidentiary hearing on September 19, Andrews went pro se for purposes of the hearing, with Mr. Aligada serving as standby counsel. Hr'g Tr., Sept. 19, 2018, at 10-11, Docket No. 62. The hearing went past 5 p.m., so the Court continued the matter until October 5, when another hearing was held. Hr'g Minutes, Oct. 5, 2018, Docket No. 48. The Court set a briefing schedule on the motions, expecting to take the motions under advisement on November 2. *Id.*

Following the October 5 evidentiary hearing, Andrews filed new motions pro se. Docket Nos. 53-59, 65-67. Mr. Aligada also moved to withdraw as counsel, citing a conflict of interest. Docket No. 60. The Court granted Mr. Aligada's motion and ordered the appointment of new counsel, Mr. Kevin O'Brien. Docket Nos. 64, 67. On November 9, the Court held a hearing to determine Andrews's wishes regarding counsel. Docket No. 72. Because it was unclear to the Court whether Andrews wished to retain Mr. O'Brien or continue pro se, the Court gave him time to decide and, in a separate order, found that the ends of justice served by this continuance outweighed Andrews's interest in a speedy trial and excluded the period of November 9 to November 26 from the speedy trial calculation. Docket No. 74. It also ordered Mr. O'Brien to "clean up" the docket by withdrawing motions filed by prior counsel, as well as those Andrews filed pro se, and refiling any motions after discussing them with his client.

Mr. O'Brien did as the Court requested, withdrawing and refiling several motions. Docket Nos. 80, 85-88. Andrews also requested that the evidentiary hearing be reopened so that he could give additional testimony in support of some of his motions in which he

bore the burden of proof.[1] Docket No. 81. The Court held the requested hearing on December 17, at which Andrews waived his right to counsel and testified in support of his motions. At the end of the hearing, the Court gave Andrews until December 18 to refile any of the other pro se motions he had originally filed. It then set a briefing schedule, giving Andrews the last word.

Andrews filed numerous motions on December 18, Docket Nos. 97-105, to which the Government responded on December 28, Docket No. 108. After the Government responded, Andrews filed additional motions. Docket Nos. 109-12, 116-20, 123. He filed his support memorandum on January 18, 2019. Docket No. 122. The Court filed an Order and Report and Recommendation regarding Andrews's motions, including those filed after the December 18 deadline, on February 19, 2019. Docket No. 133. On February 13, before the R&R was filed, Andrews filed his motion to dismiss for violation of the Speedy Trial Act. Docket No. 126.

## CONCLUSIONS OF LAW

Andrews asks the Court to dismiss the indictment against him pursuant to 18 U.S.C. § 3162(a)(2), which states that an indictment shall be dismissed "[i]f a defendant is not brought to trial within the time limited required by section 3161(c) as extended by section 3161(h)." By Andrews's calculation, at least 117 nonexcludable days have passed since the indictment was unsealed against him until the date he wrote his memorandum in support of the motion on February 7, 2019. The Court finds that no more than 26 days of nonexcludable time have elapsed since the indictment against Andrews was unsealed,

---

[1] After the Court granted the reopened hearing, Andrews informed the Court he was dissatisfied with Mr. O'Brien and wished to represent himself. Docket Nos. 91, 92.

and Andrews has not otherwise demonstrated a violation of his Sixth Amendment rights, so his motion is denied.

## I.   Speedy Trial Act

The Speedy Trial Act requires that a defendant's trial begin "within seventy days from the indictment or the first appearance, whichever occurs later." *United States v. Porchay*, 651 F.3d 930, 935 (8th Cir. 2011) (citing 18 U.S.C. § 3161(c)(1)). However, the Act also provides for exclusions from the computation of the seventy days. Relevant here, such excludable time includes "delays resulting from any pretrial motion," from the motion's filing through its hearing "or other prompt disposition[.]" 18 U.S.C. § 3161(h)(1)(D). But, no more than thirty days may be excluded once the motion or any other "proceeding concerning the defendant is actually under advisement by the court." *Id.* at § 3161(h)(1)(H). The Act also allows a court to exclude any time from a continuance "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweighed the best interest of the public and the defendant in a speedy trial[,]" and the judge set forth the reasons for the finding on the record. *Id.* at § 3161(h)(7)(A).

An accurate calculation of the nonexcludable time since Andrews's indictment affirms that his speedy trial clock has not reached the seventieth day. The clock started on June 22, 2018, when Andrews made his initial appearance.[2] *Id.* at § 3161(c)(1). But at the appearance, the Government moved for pretrial detention, so the time from when the motion was made to when the Court heard and granted it on June 26 is excludable. *Id.* at § 3161(h)(1)(D); *see United States v. Mallett*, 751 F.3d 907, 912-13 (8th Cir. 2014) (noting

---

[2] The indictment in this case was unsealed at the initial appearance. Docket Nos. 1, 5.

4

that informal motions, including oral motions, may trigger the exclusion of time for Speedy Trial Act purposes). The clock then ran from June 27 until July 16, when it was stopped by Andrews's motion to continue the pretrial motion filing date, for a total of nineteen elapsed days. The Court granted the continuance on July 18, so the clock began to run again on the 19th. It stopped on July 24 when Andrews filed his first pretrial motions. Six non-excludable days passed during that time, bringing the total to 25 days.

Since July 24, 2018, there have been multiple motions pending and all time from then, up through the filing of this motion to dismiss, is excludable. The proceedings on the motions were drawn out and required several continuances, resulting in the Court not taking most of Andrews's motions under advisement until January 18, 2019, when Andrews filed his memorandum of law. The thirty days of excludable time thus ran through February 17. Because February 17 was a Sunday and February 18 was President's Day, a legal holiday, the Court had until February 19 to issue its R&R.[3] *See* Fed. R. Crim. P. 45(a)(1)(C) (providing that, if the last day of a period "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday[]"); *Mallett*, 751 F.3d at 913 (applying Fed. R. Crim. P. 45 to the Speedy Trial Act). Such exacting calculations are not required, however, because Andrews filed this motion to dismiss on February 13, thus tolling any speedy trial tabulation since that date.

---

[3] In *United States v. Tinklenberg*, the Supreme Court declined to apply Rule 45 to a related subdivision allowing no more than ten days to be excluded from the date of an order directing transportation of a prisoner. 563 U.S. 647, 660-63 (2011). The Court noted that the langue of Rule 45 at the time the defendant was tried did not apply to anything besides rules and court orders, and the Speedy Trial Act did not otherwise incorporate the Rule. *Id.* at 661-62. But a 2009 amendment made Rule 45 applicable to any "statute that does not specify a method of computing time," Fed. R. Crim P. 45 advisory committee's note to 2009 amendment, which the Speedy Trial Act does not.

5

Andrews errs in his calculations by including most of the time following the October 5 hearing. Although that date was the "conclusion of the hearing" on the original motions, the motions were not under advisement following that hearing because the Court had set a post-hearing briefing schedule. Andrews also neglects his own pro se motions, some of which he filed as early as October 12, which independently stopped the speedy trial clock under § 3161(h)(1)(D). None of these motions were yet under advisement as of the November 9 hearing, held to clarify Andrews's wishes regarding counsel. And although Andrews objects to the Order excluding the period of November 9 through November 26 from speedy trial computation, the Court found that excluding that time served the ends of justice by giving Andrews the opportunity to firmly decide whether or not he wished to proceed pro se. Finally, Andrews erroneously includes all time from December 18, the day after the hearing on the refiled motions, in his computation. As noted above, the motions were not under advisement until January 18, when the last brief was received, after which the Court had up to thirty excludable days to issue its R&R.

Because only 25 non-excludable days have elapsed on Andrews's speedy trial clock, well short of the 70 days allowed, the Court finds no Speedy Trial Act violation.

**II.    Sixth Amendment**

Andrews also raises, but does not separately articulate, a violation of his right to a speedy trial under the Sixth Amendment. This constitutional guarantee differs from the statutorily-created right, but "[i]t is an unusual case in which a defendant's Sixth Amendment speedy-trial right was violated but the Speedy Trial Act was not." *United States v. Walker*, 840 F.3d 477, 485 (8th Cir. 2016) (internal quotation omitted). Courts weight four factors to determine whether a Sixth Amendment violation has occurred: "(1) the length of the delay; (2) the reason for the delay; (3) defendant's assertion of his right;

6

and (4) prejudice." *Id.* (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). A defendant must allege "presumptively prejudicial delay" to proceed past the first *Barker* factor. *United States v. DeGarmo*, 450 F.3d 364-65 (8th Cir. 2006). The Eighth Circuit has held that "[a] delay approaching a year may meet the threshold of presumptively prejudicial delay . . . ." *Walker*, 840 F.3d at 485 (quoting *United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003)). Since Andrews's indictment, a little over eight months have passed. This is well short of the "approaching a year" threshold required to proceed to the remaining *Barker* factors. *See id.* (finding that a delay of over eleven months between the defendant's indictment met the threshold, "but barely"). The Court finds no Sixth Amendment violation has yet occurred.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT Defendant's Motion for Dismissal of Indictment for Violation of Defendant's Speedy Trial Act [Docket No. 126] be DENIED.

Dated: March 15, 2019

                                                            s/David T. Schultz
                                                            DAVID T. SCHULTZ
                                                            United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).