**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,   NO. 18-CR-149 (SRN/DTS)

    Plaintiff,

v.   **AMENDED ORDER**

NORRIS DESHON ANDREWS,

    Defendant.
_____

Pro Se Defendant Norris Deshon Andrews has filed five motions, each either seeking to compel the production of material from the government or requesting audio recordings of his hearings before this Court. The Court addresses each motion in turn.[1]

### I. Motion to Compel Information Related to T-Mobile Phone Records (Docket No. 135)

Andrews first seeks any information the Government obtained from T-Mobile, regardless of the Government's intent to use it at trial or its favorability to his case, as well as any underlying documents such as the grand jury subpoena or search warrant used to obtain that information. In his motion, Andrews alleges that the Government contradicted its prior position during the December 17, 2018 hearing in this case when it represented that it had used a grand jury subpoena or search warrant to obtain information from T-Mobile beyond the 12-hour window it collected from the exigency order on May 15, 2018. *See* Hr'g Tr., Dec. 17, 2018, at 29. But no such contradiction exists, and Andrews is not entitled to more information on this than the Government has already provided.

---

[1] Because the disposition of Andrews's motions does not turn on any factual findings, the Court will not reiterate them here. For a developed background of this matter, see the Report & Recommendation dated February 19, 2019. Docket No. 133.

Andrews has not demonstrated the relevance of the information he seeks under Federal Rule of Criminal Procedure 16 or the Supreme Court's *Brady* and *Giglio* opinions. Rule 16 requires the Government, at a defendant's request, to permit inspection of a document or data in the Government's control if it is "material to preparing the defense," "the government intends to use the item in it its case-in-chief at trial," or it "was obtained from or belongs to the defendant." Fed. R. Crim. P. 16(a)(1)(E). Other than a blanket allegation that the information is important to his claim of outrageous government conduct, Andrews provides no basis for disclosure. To the contrary, he explicitly seeks information beyond the scope of Rule 16 by requesting records irrespective of their origins, their value to his defense, or the Government's intended use.

Andrews also implies that he is entitled to the material he seeks under *Brady* and *Giglio*, though he makes no real showing or argument to support his assertion. Regardless, the Eighth Circuit has held that "*Brady* does not require pretrial disclosure," and that *Brady* is satisfied if the favorable evidence is disclosed in time to aid a defendant in trial. *United States v. Szczerba*, 897 F.3d 929, 941 (8th Cir. 2018) (quoting *United States v. Spencer*, 753 F.3d 746, 748 (8th Cir. 2014)). The Court previously granted Andrews's motion to compel *Brady* material, Order, Nov. 9, 2018, Docket No. 73, and the Government has represented that all such material has been produced. To the extent any additional such information exists but has not been produced, the Government is again reminded of its continuing obligation to provide it and is again ordered to do so. Andrews's motion is denied.

## II. Motion to Compel Disclosure of Evidence Favorable to Defendant (Docket No. 137)

Andrews next motions also seeks the disclosure of evidence he contends the Government is required to produce under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. The motion appears to request any *Brady* material, but specifically lists certain items.[2] Again, Andrews has not demonstrated how the evidence he seeks is either favorable to him or material, as required by *Brady*. *Id.* at 87. Notwithstanding, the Government has represented that it will review its files and has complied and will continue to comply with its obligations under *Brady*. To the extent that Andrews seeks discovery pursuant to *Brady*, the motion is denied as moot.

In his motion, Andrews also cites Federal Rules of Criminal Procedure 12, 16, and 26.2 as grounds for his discovery requests. Of these, only Rule 16 is obviously relevant in the present context. Rule 12, which governs pretrial motions, allows a defendant to "request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." Fed. R. Crim. P. 12(b)(4)(B). But it does not compel the government to actually provide that evidence. Similarly, Rule 26.2 authorizes the defendant to request any witness statements the Government possesses that relates to the subject matter of the witness's testimony, but only "after [the] witness . . . has testified on direct examination." Fed. R. Crim. P. 26.2(a). Besides Andrews, the only witnesses who have testified thus far in this case were the law enforcement officers, and the Government has already turned over all police reports from this investigation.

---

[2] As the Court has previously noted, Andrews tends to label any evidence exculpatory or favorable to him. R&R, Feb. 19, 2019, at 11 n. 5, Docket No. 133.

Still, the Court must review Andrews's specific requests for discovery pursuant to Rule 16. Under that rule, the Government must disclose any document or object within its "possession, custody, or control" which (1) "is material to preparing the defense," (2) it intends to present in its case-in-chief, or (3) "was obtained from or belongs to the defendant." Fed. R. Crim. P. 16(a)(1)(E).

In his specific requests, Andrews first seeks discovery and inspection of the cell phone taken from him the night he was arrested, as well as the phone's contents. The Government states that it has never searched the phone because Andrews has never provided his consent to search it. Nor, apparently, did they ever obtain a warrant to search it. Because the Government obtained the phone from Andrews, he is entitled to inspect it, irrespective of its materiality or the Governments' intent to introduce it in its case-in-chief.[3] *Id.* at (a)(1)(E)(iii). The Government shall make the phone and its contents available to Andrews for inspection. It may take reasonable steps to prevent spoliation of any evidence on the phone.

Andrews also seeks any interviews of the two individuals who were in the car with Andrews on the night of his arrest. Such statements made to law enforcement and in the possession of the Government are not governed by Rule 16, but rather by the Jencks Act. *Id.* at (a)(2). The Act, codified at 18 U.S.C. § 3500, provides that "no statement or report in the possession of the United States which was made by a . . . prospective government witness (other than the defendant) shall be the subject of . . . discovery . . . until said witness has testified on direct examination in the trial of the

---

[3] The Court previously found Andrews's request for the contents of any search of his phone moot because of the Government's representation that no search had been conducted. Order, Feb. 19, 2019, at 7, Docket No. 134. However, Andrews now also seeks inspection of the phone itself, as well as its contents, and not merely the results of any search.

4

case." Because neither of the two individuals have yet testified on direct examination, Andrews is not entitled to any statements they may have made to the Government during an interview. However, the Government is reminded of its prior representation that it will voluntarily produce any Jencks Act material three days before the start of trial. *See* Order, Nov. 9, 2018, Docket No. 73.

The Court considers Andrews's remaining requests in this motion, the police reports in two Minneapolis Police Department case files in which he is not charged and the records involving the towing of the 2011 Chevrolet Tahoe, moot. The Government has represented that it will examine the records and disclose any information to which Andrews is entitled.

### III. Motion for Discovery (Docket No. 148)

In another motion, Andrews again seeks various items pursuant to Rules 12 and 16. Several of the requests are moot, as the Government has agreed to provide the tow sheet and inventory sheets for both vehicles associated with this case. It has also agreed to provide any relevant criminal and background records for trial witnesses, which it is already obligated to do under *Giglio*. *E.g.*, *United States v. Jeanpierre*, 636 F.3d 416, 423 (8th Cir. 2011). The Court is unsure of what documents or "mobile digital computer input of information" from the events in this case Andrews still seeks, but orders the Government to review and produce all such discoverable information not already provided.

Andrews is not entitled to discovery on his remaining requests. As to the hospital records of the two alleged shooting victims, they are not in the Government's possession, custody, or control, and therefore the Government cannot be compelled to produce them for inspection. Fed. R. Crim. P. 16(a)(1)(E). Similarly, Rule 16 explicitly

exempts from discovery, as Andrews has requested, rough notes made in connection with the investigation or prosecution of the case, unless those notes involve a statement by the defendant or the defendant's prior record. *Id.* at 16(a)(2). Andrews has not otherwise demonstrated a unique need for these records, and the Court will not order them produced.

**IV.     Motions for Production of Audio Recordings (Docket Nos. 138, 141)**

Finally, Andrews requests the audio recordings for the various motion hearings in this case. All but one hearing—the November 9, 2018 *Faretta* hearing—has an official transcript from a court reporter. Because the audio recording is the only record of the November 9, 2018 hearing, Andrews's request is granted as to that hearing, and the Clerk shall provide Andrews with a CD of the audio recording.

As to the remaining hearings, for which official transcripts exist, Andrews's request lacks a legal basis. By statute, "[t]he transcript in any case certified by the reporter . . . shall be deemed prima facie a correct statement of the testimony taken and the proceedings had." 28 U.S.C. § 753(b). Where an official transcript exists, a defendant is not entitled to anything other than that transcript. *Id.*; *see also United States v. Evans*, Crim. No. 15-16 (ADM/LIB), 2016 WL 4926423, at *1 (D. Minn. Sept. 15, 2016) (noting that "parties requesting a copy of the record only have the right to receive a transcribed version of the proceedings."). Andrews asserts the transcripts contain material inaccuracies that must be corrected for him to receive a fair trial, but he does not even hint as to what inaccuracies there might be. Because certified transcripts for these hearings exist, and nothing has been proffered to cast doubt upon their accuracy, Andrews's request is denied.

**ORDER**

The Court, being duly advised in the premises, upon all the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that:

1. Defendant's Motion to Compel [Docket No. 135] is DENIED.

2. Defendant's Motion to Compel Evidence Favorable to Defendant [Docket No. 137] is GRANTED IN PART AND DENIED IN PART:

    a. The Government shall produce for Andrews's inspection the cell phone taken from Andrews when he was arrested.

    b. The motion is DENIED in all other respects.

3. Defendant's Motion for Production of Transcripts/Audio Recording of Hearing [Docket No. 138] is GRANTED. The Clerk of Court is directed to provide Andrews a CD of the audio recording of the November 9, 2018 hearing.

4. Defendant's Motions for Production of Audio Recordings [Docket No. 141] is DENIED.

5. Defendant's Motion for Discovery [Docket No.148] is GRANTED IN PART AND DENIED IN PART.

    a. The Government shall review and produce all discoverable digital information it possesses.

    b. The motion is denied in all other respects.

Dated:

_____
DAVID T. SCHULTZ
United States Magistrate Judge