# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Norris Deshon Andrews,<br><br>Defendant. | Case No. 18-cv-149 (SRN/DTS)<br><br><br>**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

Jeffrey S. Paulsen, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff.

Norris Deshon Andrews, Reg. No. 21579-041, Sherburne County Jail, 13880 Business Center Drive Northwest, Elk River, Minnesota 55330, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

This matter comes before the Court on the Objections ("Objections") [Doc. No. 150] of Defendant Norris Deshon Andrews to Magistrate Judge David T. Schultz's Report and Recommendation ("R&R") dated March 15, 2019 [Doc. No. 144] recommending that Defendant's Motion to Dismiss on Speedy Trial [Doc. No. 126] ("Motion to Dismiss") be denied. For the reasons set forth below, this Court overrules Defendant's Objections, adopts the R&R in its entirety, and denies Defendant's Motion to Dismiss.

## I.   Procedural History

The following procedural history is relevant to the analysis of Andrews' speedy trial rights in this case. On June 22, 2018, Andrews made an initial appearance and the

1

Indictment against him was unsealed. (June 22, 2019 Hr'g Min. [Doc. No. 7].) At that initial appearance, the Government moved to detain Andrews pending trial, tolling the speedy trial clock. (*Id.*) The Court then held a detention hearing and granted the motion on June 26, 2018. (June 26, 2018 Hr'g Min. [Doc. No. 11].) On July 16, 2018, Andrews' then-counsel, Mr. Reggie Aligada, sought a continuance of the filing deadline for criminal motions. (Def's Mot. for Continuance [Doc. No. 20].) The Court granted that Motion on July 18. (Order Granting Def's Mot. for Continuance [Doc. No. 22].)

Less than a week later, on July 24, Andrews filed a Motion for Disclosure of Rule 404 Evidence. (Def's Mot. for Disclosure [Doc. No. 24]), as well as numerous other motions ([Doc. Nos. 25, 26, 27, 28, 29, 30, 31].) The clock was then tolled. The Court held an evidentiary hearing related to those motions on September 10. (Sept. 10, 2018 Hr'g Min. [Doc. No. 39].) That hearing was continued by the Court when counsel for Andrews discovered that the Government had failed to produce an exhibit. (R&R at 2.) At the continued hearing, on September 19, Andrews chose to appear pro se, with Mr. Aligada serving as standby counsel. (Sept. 19, 2018 Hr'g Trans. 2:5–10 [Doc. No. 62].) The hearing went past the close of business, so the Court continued the matter until October 5. (*Id.* at 89:22–25.) On that date, the Court held another hearing and a post-hearing briefing schedule was set. (Oct. 5, 2018 Hr'g Min. [Doc. No. 48].)

On October 17, Mr. Aligada filed a motion to withdraw as counsel due to a conflict of interest. (Aligada's Mot. to Withdraw [Doc. No. 60].) The Court granted Mr. Aligada's motion and appointed Mr. Kevin O'Brien as counsel for Andrews. (Order Granting Aligada's Mot. to Withdraw [Doc. No. 64]; Order Appointing Attorney [Doc.

No. 67].) Then, on November 9, the Court held a *Faretta* evidentiary hearing to determine whether Andrews wished to represent himself. (Nov. 9, 2018 Hr'g Min. [Doc. No. 72].) During that hearing, the Court determined that it was unclear whether Andrews wished to retain Mr. O'Brien as his counsel. (*Id.*) Therefore, the Court continued the hearing, explicitly finding that the ends of justice outweighed Andrews' interest in a speedy trial, and excluded the period from November 9 to November 26. (Nov. 13, 2018 Order [Doc. No. 74].)

Andrews continued to file pretrial motions. [Doc. Nos. 75, 76, 77, 78, 79, 80, 81, 85, 86, 87, 88, 89, 91, 93, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 109, 110, 111, 112, 116, 117, 118, 119, 120, 126, 128, 132, 135, 137, 138, 141, 142, 148]. On February 13, 2019, Andrews filed this Motion to Dismiss for violation of the Speedy Trial Act pursuant to 18 U.S.C. § 3161 and his Sixth Amendment right to a speedy trial. (*See* Mot. to Dismiss at 1.)

The magistrate judge determined, in his R&R, that an "accurate calculation of the non[-]excludable time since Andrews' indictment affirms that his speedy trial clock has not reached the seventieth day." (R&R at 4.) Magistrate Judge Schultz calculated that, since Andrews made his initial appearance on June 22, 2018, twenty-five non-excludable days had passed. (*Id.* at 4–5.)

Andrews objects, both orally and in writing, to this finding. Andrews argues that any time elapsed after a continuance is granted may not be excluded, because the magistrate judge in this case "did not set out an order for exclusion in the record orally [or] in writing." (Obj. at 3.) Andrews contends that this argument applies to each of the

3

magistrate judge's continuances. (*See* Obj. at 1–7.)

## II. Discussion

### A. Standard of Review

Upon issuance of an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The objections should specify the portion of the magistrate judge's [R&R] to which objections are made and provide a basis for those objections. *Mayer v. Walvatne*, No. 07-cv-1958 (JRT/RLE), 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Then, the district court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3).

### B. Analysis

#### 1. Speedy Trial Act

The Speedy Trial Act requires that a defendant's trial begin "within seventy days from the indictment or the first appearance, whichever occurs later." *United States v. Porchay*, 651 F.3d 930, 935 (8th Cir. 2011) (citing 18 U.S.C. § 3161(c)(1)). However, the Act allows exclusions from the seventy-day time limit including the time from a pretrial motion's filing through its hearing "or other prompt disposition[.]" 18 U.S.C. § 3161(h)(1)(D). Only thirty days may be excluded once the motion is under advisement by the court. § 3161(h)(1)(H). The Act also allows a court to exclude any time after a continuance "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweighed the best interest of the public and

4

the defendant in a speedy trial[,]" and the judge set forth the reasons for the finding on the record. § 3161(h)(7)(A).

First, Andrews insists that the Court improperly delayed in ruling on many of these matters in contravention of the law and thus his speedy trial rights have been violated. (*See* Def's Mot. to Dismiss.) To ease the confusion, and demonstrate the fallacies in Andrews' argument, the Court has provided a visual depiction of the timeline of the proceedings and the days excludable under the Act. (*See* App. A.)

After taking a motion under advisement, the magistrate judge issued all but two of his orders within thirty days, as required under § 3161(h)(1)(H). And, in the two instances when he did not, it is academic because numerous other pretrial motions were pending at the time under either § 3161(h)(1)(D), § 3161(h)(1)(H), or both sections. As such, Magistrate Judge Schultz's decision-making timeline is consistent with his calculation of non-excludable time under the Act—twenty-five days.

Second, Andrews argues that continuances of hearings were improperly granted, and that the time after each continuance should not be tolled. (Obj. at 6.) However, Magistrate Judge Schultz was correct in excluding each period of time after every continuance, either under § 3161(h)(1)(D) or § 3161(h)(7)(A).

The clock started on June 22, 2018, when Andrews made his initial appearance. § 3161(c)(1) ("the trial of a defendant charged in an . . . indictment . . . shall commence within seventy days from . . . the date the defendant has appeared before a judicial officer"). However, on that same day, the Government made a motion for pretrial detention of Andrews. (June 22, 2019 Hr'g Min.) Thus, the clock stopped and did not

restart until the Court granted that motion on June 26. § 3161(h)(1)(D); *see United States v. Mallett*, 751 F.3d 907, 912–13 (8th Cir. 2014) (finding that oral motions may trigger the exclusion of time under the Act).

The clock ran from June 26 to July 16, when Andrews filed a motion for a continuance, totaling nineteen non-excludable days. (Def's Mot. for Continuance.) Two days later, on July 18, the Court granted Andrews' continuance motion. (Order Granting Def's Mot. for Continuance.) After that Order, the clock ran until July 24, when Andrews filed his Motion for Disclosure of Rule 404 Evidence. This added an additional six non-excludable days, with the total count now reaching twenty-five non-excludable days.

The initial hearing on that motion was held on September 10, 2018. (Sept. 10, 2018 Hr'g Min.) The hearing was first continued to September 19, 2018, and finally to October 5, 2018 when the Court set a post-hearing briefing schedule. (Sept. 19, 2018 Hr'g Min; Oct. 5, 2018 Hr'g Min.)

In continuing the hearing, the magistrate judge did not specify that he was doing so to serve the "ends of justice." However, he was not required to do so because the clock was tolled under § 3161(h)(1)(D), not § 3161(7)(A). Section 3161(7)(A), which requires an explicit finding of a continuance for the "ends of justice," is an "additional basis, *in addition to* [§ 3161(h)(1)(D)], for the court to grant a delay which will toll the Speedy Trial Act clock." *United States v. Hohn*, 8 F.3d 1301, 1305 (8th Cir. 1993) (original emphasis). Typically, that continuance provision is used to toll the clock when, "due to the complexities of the case, counsel requires additional time to prepare." *Id.* Section

6

§ 3161(h)(1)(D), on the other hand, does not require such a finding, and thus the time is still excludable under the Act.

Finally, the period from November 9 to November 26 is also excludable from the speedy trial computation. During the hearing on November 9, the Court determined that Andrews was uncertain of his decision to retain Mr. O'Brien or proceed pro se. (Nov. 9, 2018 Hr'g Min.) As such, the Court continued the hearing, specifying that the Court was doing so to serve the "ends of justice," as required by § 3161(7)(A). (Nov. 13, 2018 Order.)

Only twenty-five non-excludable days have elapsed on Andrews' speedy trial clock. Because this is well short of the seventy days allowed, the Court agrees with Magistrate Judge Schultz and finds no Speedy Trial Act violation.

### 2. Sixth Amendment

Andrews argues that he has also suffered a violation of his right to a speedy trial under the Sixth Amendment. (Obj. at 2.) Although Andrews has an independent constitutional guarantee to a speedy trial, "[i]t is an unusual case in which a defendant's Sixth Amendment speedy-trial right was violated but the Speedy Trial Act was not." *United States v. Walker*, 840 F.3d 477, 485 (8th Cir. 2016) (internal citation omitted). A court must consider four factors to determine if a defendant's Sixth Amendment right has been violated: "(1) the length of the delay; (2) the reason for the delay; (3) defendant's assertion of his right; 7 and (4) prejudice." *Id.* (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). Here, Andrews has been responsible for most of the delay, and has filed dozens of motions since July 24, 2018. Further, Andrews has presented no evidence that the

Government has intentionally caused any delay in order to gain an advantage. Therefore, this Court agrees with the magistrate judge and finds that no Sixth Amendment violation has occurred.

### III. Conclusion

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Norris Deshon Andrews' Objections [Doc. No. 150] are **OVERRULED**;

2. Magistrate Judge Schultz's R&R [Doc. No. 144] is **ADOPTED** in its entirety; and

3. Defendant Norris Deshon Andrews' Motion to Dismiss on Speedy Trial [Doc. No. 126] is **DENIED**.

Dated: May 8, 2019
s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge