# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal File No. 18-CR-149 (SRN/DTS) |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR A CONTINUANCE |
| Norris Deshon Andrews, | |
| Defendant. | |

Norris Deshon Andrews, Sherburne County Jail, 13880 Business Center Dr., Ste. 200, Elk River, MN 55330, *pro se*

Daniel L. Gerdts, 331 Second Ave. S., Ste. 705, Minneapolis, MN, standby counsel for Defendant

Jeffrey Paulsen and Samantha Bates, United States Attorney's Office, 300 South Fourth Street, Ste. 600, Minneapolis, MN 55415, for the Government

SUSAN RICHARD NELSON, United States District Judge

Before the Court is Defendant Norris Deshon Andrews' Letter Request for a Continuance and Hearing [Doc. No. 197], which the Court construes as a motion for a continuance ("Motion for a Continuance"). The Court held a status conference and hearing on this matter on May 28, 2019. For the reasons set forth below, Defendant's motion is granted, although not on the grounds that he provides in support of his written request.

In connection with Defendant's motion and consistent with 18 U.S.C. § 3161(h)(7)(A), the Court makes the following **FINDINGS OF FACT**:

1. Defendant is self-represented and is in pretrial custody at the Sherburne County Jail. His standby counsel is Daniel Gerdts.

2. Previously, this Court set a trial date of June 10, 2019 for Defendant's trial, with pretrial deadlines of May 23, 2019 for all trial documents, including trial briefs, motions in limine, voir dire and proposed jury instructions. (*See* Order & Trial Notice [Doc. No. 173] at 2.) The Government has filed its pretrial submissions [Doc. Nos. 204, 206, 207, 212].

3. In the instant motion, dated May 10, 2019, and filed with the Court on May 15, 2019, Defendant requests a continuance with respect to the trial date and pretrial deadlines. (Def.'s Mot. at 1.)

4. In his motion, Mr. Andrews argues that a continuance is necessary because the Government has not timely provided evidence necessary for the preparation of his pro se defense. (*Id.*)

5. On May 21, 2019, Defendant's standby counsel, Mr. Gerdts, filed a status report with the Court in which he noted that Mr. Andrews had recently broken his leg during recreational activities at the jail. (Standby Counsel Letter at 1 [Doc. No. 201].) This injury appears to have occurred after Mr. Andrews filed the instant motion. On a visit with Mr. Andrews following his injury, Mr. Gerdts observed that Mr. Andrews was in a wheelchair and his leg was medically immobilized. (*Id.*) The fracture required

surgery. (*Id.*) Doctors have informed Defendant that additional surgery is necessary. (*Id.*)

6. Sherburne County Jail appears to place inmates with medical concerns, such as Mr. Andrews' medical issue, in administrative segregation. (*See id.*) Because Mr. Andrews is confined in administrative segregation, he has very limited access to the tools necessary to actively review case materials, draft pleadings, and prepare for trial. (*Id.* at 2.)

7. Mr. Gerdts states that being in segregation, combined with Mr. Andrews' newly limited mobility and health issues, make it impossible for him to provide timely pro se notices and trial pleadings. (*Id.*)

8. At the hearing and status conference on the instant motion, held on May 28, 2019 before the undersigned judge, Mr. Andrews appeared in a wheelchair, with his leg immobilized. Mr. Andrews stated that in addition to future surgery this summer, his leg is expected to be in a cast for approximately two months. He agreed that the effect of this injury, including his current housing placement, interferes with his ability to meaningfully prepare for trial.

9. As another basis for a continuance, Mr. Andrews expressed his desire to re-open the suppression hearing, citing newly provided evidence and evidence that he contends the Government has not provided.

10. Mr. Gerdts stated that if the Court considers new evidence or arguments, a rescheduled trial date in October 2019 would allow Mr. Andrews time to meaningfully present his defense, given his upcoming surgery and recovery time.

11. Absent a waiver or other tolling of the speedy trial statute, 18 U.S.C. § 3161, an October trial date would exceed Mr. Andrews' speedy trial deadline.

12. Counsel for the Government, Mr. Paulsen, disputes any discovery violations. He opposes the reopening of the suppression motions hearing on this basis, and appears to oppose a continuance on this basis. As to the alleged discovery violations, he notes that the Government has agreed not to use any evidence resulting from a search of the blue Chevy Tahoe. In addition, the Court has already denied Defendant's suppression motion related to the search of the white GMC Yukon, and no new, relevant evidence warrants the reopening of that motion. The Government indicates that the only new substantive evidence is a DNA report issued on May 16, 2019, which the Government provided to Defendant. Additionally, the Government has obtained an expert who plots Defendant's cell tower location records, which have long been disclosed to Defendant, on a map. The Government provided a photograph of fingerprint evidence to Defendant in September 2018, although it is unclear when the fingerprint report was provided to Defendant. Regardless of when it was disclosed, the Court ordered the Government to provide the fingerprint report to Defendant immediately.

13. The Court permitted Mr. Andrews to file one additional motion to reopen the pretrial suppression hearing, in which he must provide the Court with good cause for why the hearing should be reopened based on any new evidence that Defendant has received.

14. The Government does not appear to oppose a continuance in order to accommodate Mr. Andrews' recent disability. Counsel for the Government have indicated their

general availability to commence trial in mid-October 2019. Mr. Gerdts is likewise available at that time to serve as standby defense counsel.

15. In light of Mr. Andrews' request for a continuance, at the May 28, 2019 status conference and hearing, the Court asked if Defendant would waive his speedy trial rights, and if he would reconsider legal representation during the period of his upcoming surgery and recovery.

16. Mr. Andrews reiterated his decision to represent himself, with Mr. Gerdts serving as standby counsel. He stated that he was confronted with a difficult dilemma—in other words, a Hobson's Choice—forcing him to choose between waiving his speedy trial rights and having sufficient time to prepare for trial. He expressed great reluctance and opposition to waiving his speedy trial rights, but recognized the need for sufficient time to prepare for trial.

17. The Court finds no evidence of sanctionable conduct on the part of the Government. The Government has acted in good faith in meeting its discovery obligations and its disclosure of evidence does not warrant a continuance. The Court therefore declines to grant a continuance on this basis.

18. However, due to Mr. Andrews' recent disability, his need for additional surgery and recuperation, his ensuing difficulty in accessing materials needed to prepare for trial, and his pro se status, the Court will grant a continuance.

19. In making this determination, the Court must consider whether, under the Speedy Trial Act, the period of delay resulting from Defendant's request for a continuance serves the ends of justice and outweighs the best interest of the public and the defendant in a

speedy trial, making this period subject to exclusion under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A).

20. Under 18 U.S.C. § 3161(h)(7)(A), the following period of delay shall be excluded in computing the time within which a trial must commence:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

21. As noted, the request for a continuance comes from Defendant and his standby counsel.

22. Consideration of the factors set forth in 18 U.S.C. § 3161(h)(7)(B) guide the Court's determination of whether to grant a continuance under subparagraph (A), quoted above. These factors are:

> **(i)** Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
> **(ii)** Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> **(iii)** Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because

6

> the facts upon which the grand jury must base its determination are unusual or complex.
>
> **(iv)** Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

23. As to the first factor, the Court finds that failing to grant a continuance "would be likely to make a continuation of the proceedings impossible" and/or "result in a miscarriage of justice," because Defendant's ability to effectively represent himself would be compromised, given his recent disability and inability to fully access the materials necessary to meaningfully prepare for trial. 18 U.S.C. § 3161(h)(7)(B)(i).

24. Under the second factor, while this felon-in-possession case is not factually unusual or complex, because Mr. Andrews desires to represent himself, is not trained in the law, and is unable to fully prepare for trial due to his current disability, surgery, recovery, and access to trial materials, it is "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act]" and the Court's currently-imposed deadlines and trial schedule. 18 U.S.C. § 3161(h)(7)(B)(ii).

25. The third factor concerning the timing of arrest, indictment, or the "facts upon which a grand jury must base its determination" is not implicated. 18 U.S.C. § 3161(h)(7)(B)(iii).

7

26. As to the fourth factor, the Court finds that the failure to grant a continuance in this case, which, while not so unusual or complex as to fall within clause (ii), would deny the defendant "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Again, Andrews' disability and its impact on his ability to access trial materials would impede his ability to meaningfully prepare his pro se defense, despite due diligence on his part.

27. In granting this continuance, the Court notes that its calendar could accommodate the originally scheduled trial date. Moreover, the Government is prepared to go to trial on the originally scheduled date. The continuance is not granted to accommodate either the Court or the Government. 18 U.S.C. § 3161(h)(7)(C).

28. In sum, for all of the foregoing reasons, the Court concludes that the ends of justice are served by granting Defendant's Motion for a Continuance. Under these circumstances, the ends of justice outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

29. Accordingly, the period of delay resulting from Defendant's Motion for a Continuance is excludable under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A)-(B).

**THEREFORE, BASED ON THE FINDINGS SET FORTH ABOVE, AND THE RECORD IN THIS CASE, IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion for a Continuance [Doc. No. 197] is **GRANTED**.

2. The period of the continuance shall be excluded under the Speedy Trial Act, pursuant to 18 U.S.C. § (h)(7)(A)-(B).

8

3. The Court will issue an amended Trial Notice shortly, with trial to commence in October 2019. Any current deadlines are stayed and Defendant is excused from any non-compliance with the earlier-imposed deadlines.

Dated: May 29, 2019
                                           s/Susan Richard Nelson
                                           SUSAN RICHARD NELSON
                                           United States District Judge