# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **United States of America,** | Criminal File No. 18-CR-149 (SRN/DTS) |
| Plaintiff, | |
| v. | ORDER |
| **Norris Deshon Andrews,** | |
| Defendant. | |

Norris Deshon Andrews, Sherburne County Jail, 13880 Business Center Dr., Ste. 200, Elk River, MN 55330, *pro se*

Daniel L. Gerdts, 331 Second Ave. S., Ste. 705, Minneapolis, MN, standby counsel for Defendant

Jeffrey Paulsen and Samantha Bates, United States Attorney's Office, 300 South Fourth Street, Ste. 600, Minneapolis, MN 55415, for the Government

SUSAN RICHARD NELSON, United States District Judge

Before the Court are a number of pending motions in this matter, which the Court addresses below. The Court has previously recounted the factual background of this case in its May 8, 2019 Order [Doc. No. 190], which it incorporates by reference here. Recently, the Court permitted the reopening of the suppression hearing, to the extent that recently disclosed evidence concerned particular, limited issues.[1] (*See* June 19, 2019 Order [Doc. No. 224].)

---

[1] The suppression hearing was limited to the following subjects: (1) probable cause for the traffic stop of the GMC Yukon; (2) Andrews' standing to challenge the search of the GMC Yukon; (3) the "planting" of evidence in the Yukon; and (4) evidence relating to information that officers provided to T-Mobile in order to obtain exigent cell phone location information. (*See* June 19, 2019 Order [Doc. No. 224].)

Magistrate Judge Schultz presided over the six-hour reopened suppression hearing on July 18, 2019. (*See* July 18, 2019 Hr'g Minutes [Doc. No. 242].)

In late May, the Court granted Defendant's request for a trial continuance, (May 29, 2019 Order [Doc. No. 217), and scheduled trial for September 23, 2019. (June 14, 2019 Order & Trial Notice [Doc. No. 222].)

1. **Defendant's Motion [Doc. No. 174] to Exclude Government Trial Witnesses**

Andrews, who is self-represented, moves to exclude all witnesses for the Government on the grounds that the Government has not disclosed them in accordance with Fed. R. Crim. P. 12.1. (Def.'s Mot. to Exclude Gov't Witnesses [Doc. No. 174] at 1–2.) The Government opposes Defendant's motion. (Govt's Resp. [Doc. No. 200] at 1–2.) The Court construes this as a motion in limine, and defers ruling until closer to trial.

2. **Defendant's Motions [Doc. Nos. 178 & 182] for Oral Argument on Objections to the Magistrate Judge's April 22, 2019 Order**

Defendant requests oral argument to raise objections to the magistrate judge's April 22, 2019 Order [Doc. No. 170]. In the Order, Magistrate Judge Schultz addressed several of Andrews' discovery motions concerning information related to the T-Mobile exigent request, *Brady* material, Rule 16 discovery, and the production of audio recordings. Andrews argues that he is unable to study case law or use the library for a reasonable time in which to prepare an objection. (Def.'s Req. for Oral Arg. on Objs. to Doc. No. 170) (Doc. No. 178]; Am. Req. [Doc. No. 182].) The Government opposes Defendant's request. (Gov't's Resp. [Doc. No. 200] at 5.)

At the time of the filing of Andrews' requests for a hearing—April 30, 2019 and May 1, 2019—he was not housed in segregation for medical reasons, nor did he appear to have any difficulty filing motions, letters, and objections. In fact, on June 12, 2019, Andrews filed 13 pages of objections to the April 22, 2019 Order. (*See* Def.'s Obj. [Doc. No. 219].) Accordingly, his motions seeking oral argument are denied.

3.  **Defendant's Motion [Doc. No. 184] to Suppress/Exclude Evidence Due to Late and Untimely Disclosure**

Andrews styles this as a motion to suppress or exclude evidence under Rule 16 on the grounds that the Government failed to timely disclose it. (Def.'s Mot. to Exclude Ev. [Doc. No. 184].) He contends that this evidence, which includes bodycam footage and police reports, supports his claims of Government misconduct. (*Id.* at 1.) The Government states that it disclosed this information on April 12 and 16, 2019, and opposes the motion. (Gov't's Resp. [Doc. No. 200] at 6.)

To the extent that Defendant intends for this motion to serve as a suppression motion, the magistrate judge will entertain supplemental briefing related to the reopened suppression hearing. To the extent that this motion is construed as a motion in limine, the Court will rule on it closer to trial. In either instance, the Court defers ruling.

4.  **Defendant's Motion [Doc. No. 186] to Reopen the Suppression Hearing**

Defendant filed his Motion to Reopen the Suppression Hearing on May 7, 2019. In response to his subsequent June 9, 2019 request [Doc. No. 220], seeking the same relief, the Court granted the reopening of the suppression hearing, on a limited basis. (*See* June 19, 2019 Order [Doc. No. 224].) The May 7, 2019 motion is therefore denied as moot.

**5. Government's Motion in Limine [Doc. No. 204]**

The Government filed its pretrial motion in limine prior to the Court granting Defendant a trial continuance. Because the trial has now been rescheduled to September 2019, the Court will rule on this motion closer to trial.

**6. Defendant's Objection [Doc. No. 219] to the Magistrate Judge's April 22, 2019 Order and April 30, 2019 Amended Order**

Andrews objects to Magistrate Judge Schultz's April 22, 2019 Order [Doc. No. 170] and April 30, 2019 Amended Order [Doc. No. 180] on Defendant's motion to compel. In reviewing an order from a Magistrate Judge, the Court must set aside portions of an order that are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. Proc. 72(a); D. Minn. Local Rule 72.2.

In the April 22, 2019 Order, the magistrate judge denied the motion to compel the T-Mobile records, denied as moot the request for *Brady* material, and granted Andrews' Rule 16 discovery motion, in part, as it related to discoverable information not previously provided. (Apr. 22, 2019 Order at 1–6.) In addition, the magistrate judge initially granted Andrews' request for audio recordings of court hearings, but later amended the ruling to exclude any hearings for which a written transcript was available [Doc. No. 180 at 6]. Because transcripts were available for all but one hearing, the magistrate judge directed the Clerk's Office to provide Andrews with an audio recording of that hearing. (Apr. 30, 2019 Order at 6.)

As a general objection, Andrews asserts that the magistrate judge demonstrated bias in his ruling by "lying" and "making up case law for the Government." (*See, e.g.*, Def.'s Obj. [Doc. No. 219] to Apr. 22, 2019 Order at 1–2.) This argument is utterly baseless. And,

4

as the Court explained in the May 8, 2019 Order, objecting to a ruling is not the proper procedural means by which to challenge judicial impartiality. This ground of objection is overruled.

Andrews also objects to the denial of the requested discovery. (*Id.* at 4–14.) On all of these issues, the magistrate judge's rulings were neither clearly erroneous nor contrary to law. The Government did not use a search warrant to obtain the T-Mobile detail records in question; therefore no warrant was produced for those records. (*See* Gov't's Resp. to Objs. at 1–2 [Doc. No. 223].) This ground of objection is overruled.

As to information found on Andrews' phone, after he refused to consent to the search of his phone, the Government obtained a search warrant for its contents. (*Id.* at 2.) When the warrant was executed, the Government provided Andrews with a copy of the contents of the phone on May 3, 2019, and allowed him to physically examine the phone on May 6, 2019. (*Id.*) Andrews' objection to this portion of the magistrate judge's order is overruled as moot.

With respect to the production of the entire post-arrest statement of Dominique Smith/Rachelle Hawkins, the driver of the white Yukon, Andrews' objections are also overruled. While one sentence of her statement was used in the affidavit in support of the search warrant for the blue Tahoe, the Government has represented that it will not use any evidence obtained from the Tahoe in its case in chief unless Andrews opens the door to such evidence. (*Id.* at 3.) If Smith/Hawkins is a witness at trial, the Government agrees to provide her entire interview as Jencks material not later than three business days before trial.

Regarding discovery related to earlier shootings, including a May 11, 2018 shooting in which a parked car was shot, and a shots-fired incident on May 15, 2018, the Government

5

agreed to provide bodycam videos of the officers who responded to the May 11 incident, even though it does not intend to present evidence of the May 11 incident at trial. (*Id.* at 3–4.) The Government has also provided bodycam videos from the officers who responded to the shootings on May 15, as well as police reports. (*Id.*) This ground of objection is overruled as moot.

As to the disclosure of the shooting victims' hospital records, because earlier, the Government did not possess them, they were not subject to Rule 16. (*Id.* at 4.) The Government has since obtained the records in preparation for trial and has agreed to disclose them to Defendant, subject to a protective order. (*Id.*) The protective order has since been issued [Doc. No. 240]. The Court therefore directs the Government to confirm when it has produced this information, and overrules this objection as moot.

Andrews also objects to the magistrate judge's amended ruling in which he directed the Clerk's Office to provide an audio recording for the sole hearing for which a transcript was unavailable. (Def.'s Obj. at 12–13) (citing Apr. 30, 2019 Am. Order at 6). Defendant argues that this denies him the ability to correct transcript errors. (*Id.*) Further, he speculates that the Government was somehow involved in the magistrate judge's decision to amend the earlier ruling. (*Id.*)

Defendant's claim that the Government played a role in the magistrate judge's decision to amend the April 22, 2019 Order is baseless. Rather, the magistrate judge changed his ruling on his own initiative, noting that where a transcript exists, a defendant is not entitled to anything other than the transcript. (Apr. 30, 2019 Am. Order at 6) (citing 28 U.S.C. § 753(b); *United States v. Evans*, 15-cr-16 (ADM/LIB), 2016 WL 4926423, at *1 (D. Minn. Sept. 15,

2016)). Defendant's objection to this ruling is overruled and the Court affirms the magistrate judge's April 22, 2019 Order [Doc. No. 170] and April 30, 2019 Amended Order [Doc. No. 180 at 6].

**7. Defendant's Letter [Doc. No. 226] Re: Witness Availability for Trial**

In a letter filed on June 21, 2019, shortly after the Court rescheduled the trial date to September 23, 2019, (June 14, 2019 Order & Trial Notice [Doc. No. 222]), Andrews states that his trial witnesses will not be available in September, and are only available after October 10, 2019. (June 21, 2019 Letter at 1–2.) He requests a trial date in October or November 2019. (*Id.*)

Within one week of his receipt of this ruling, Andrews shall provide written evidence that his witnesses are unavailable in September, but are available in October.

**8. Defendant's Letter [Doc. No. 227] and Motions [Doc. Nos. 228 & 238] Re: Reopening the Suppression Hearing**

Defendant argues that in the June 19, 2019 Order, this Court misconstrued his June 9, 2019 letter request [Doc. No. 220] as a motion to reopen the suppression hearing. (*See generally,* June 21, 2019 Letter [Doc. No. 227]; Def.'s Mot. for Reconsid. [Doc. No. 228]; *see also* Def.'s Mem. Supp. Mot. to Reopen Hr'g [Doc. No. 233]; Def.'s Mot. to Reopen Hr'g [Doc. No. 238].) He contends that he merely sought permission to file the motion and would have included additional grounds for relief in a subsequent filing. (June 9, 2019 Letter at 1.) He also states that at a reopened suppression hearing, he intends to present "all the new and late evidence." (*Id.*)

At the May 28, 2019 status conference, this Court made clear that Andrews had a very limited opportunity to demonstrate the need for reopening the suppression hearing, requiring that he demonstrate good cause, based on evidence that was unavailable to him at the prior hearings. In his June 9, 2019 letter, filed approximately two weeks after the May 28, 2019 status conference, he made several arguments in support of his request to reopen the hearing. The Court addressed these arguments in the June 19 Order, permitting the reopening of the suppression hearing on a limited basis. As noted, the reopened hearing was held on July 18, 2019, lasting over six hours. (*See* July 18, 2019 Hr'g Minutes.)

In his requests for reconsideration of the June 19 Order and his motion to reopen the suppression hearing, Andrews restates numerous arguments that he has previously made and on which the Court has previously ruled—for example, issues concerning claims of prosecutorial misconduct and planted evidence. (*See* Def.'s Mot. for Reconsid. [Doc. No. 228]; Def.'s Mem. Supp. Mot. to Reopen Hr'g [Doc. No. 233].) There is no basis for reconsideration. The Court's June 19, 2019 Order therefore stands. Moreover, the reopened suppression hearing has occurred. Accordingly, Defendant's requests for reconsideration [Doc. Nos. 227 & 228] are denied and his motion to reopen the suppression hearing [Doc. No. 238] is denied as moot.

9. **Defendant's Request for Status Conference [Doc. No. 229]**

In a letter filed on July 8, 2019, Andrews requests a status conference to address issues related to the reopened suppression hearing. (July 8, 2019 Letter at 1 [Doc. No. 229].) Again, because the reopened suppression hearing has already occurred, Andrews' request for a status conference is denied as moot.

Additionally, Andrews raises concerns about his medical treatment in pretrial detention, describing a recent medical incident involving a blood clot in his leg. (*Id.* at 2.) He contends that the staff at the Sherburne County Jail are not seriously addressing his medical needs. (*Id.*) He requests removal from the facility, and a status conference to address this issue. (*Id.*) The Court is without jurisdiction to address these concerns and directs Andrews to the administrative processes available to him in the jail.

10. **Defendant's Notice of Intent to File Additional Motions for Reconsideration [Doc. No. 230]**

Andrews advises that after the presentation of new evidence at the reopened suppression hearing, he plans to file motions for reconsideration of the Court's rulings on Docket Numbers 80, 85–89, 97–104, 11, and 116–19. In connection with the reopened suppression hearing, the magistrate judge has permitted supplemental briefing, limited to the issues addressed at the hearing.

11. **Defendant's Letter for Assistance and Status Conference [Doc. No. 231]**

In Andrews' letter filed on July 11, 2019, he refers to recently disclosed evidence and his inability to adequately review it. He asks to be transported to the courthouse or U.S. Attorney's Office to review the material and draft his pleadings concerning the evidence. (July 11, 2019 Letter at 2 [Doc. No. 231]. As to his request for transportation on a daily basis until the reopened suppression hearing occurs, (*id.*), it is denied as moot.

In the letter, Andrews also "reserve[s] the right to use any & all [of] this newly late & untimely disclosed evidence that's been presented as of late toward any of the defendant['s]

previous[ly] entered & ruled on motions," to the extent it is relevant. (*Id.*) Andrews does not identify the evidence in question or state how it might relate to his prior motions.

Again, the suppression hearing was reopened on a limited basis, as this Court has explained. To the extent that Andrews seeks to relitigate issues beyond the scope of the reopened suppression hearing, which has already occurred, it is not permitted and his request is denied. To the extent that he seeks to present additional argument on the matters within the scope of the reopened hearing, this request is denied as moot, as the magistrate judge has permitted supplemental briefing.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. As to Defendant's Motion [Doc. No. 174] to Exclude Government Trial Witnesses, the Court **DEFERS** ruling until closer to trial.

2. Defendant's Motions [Doc. Nos. 178 & 182] for Oral Argument on Objections to the Magistrate Judge's April 22, 2019 Order are **DENIED**;

3. As to Defendant's Motion [Doc. No. 184] to Suppress/Exclude Evidence Due to Late and Untimely Disclosure, the Court **DEFERS** ruling;

4. Defendant's Motion [Doc. No. 186] to Reopen the Suppression Hearing is **DENIED AS MOOT**;

5. The Court **DEFERS** ruling on the Government's Motion in Limine [Doc. No. 204] until closer to trial;

6. Defendant's Objections [Doc. No. 219] to the Magistrate Judge's April 22, 2019 Order and April 30, 2019 Amended Order are **OVERRULED** in part and **OVERRULED AS MOOT** in part; and the April 22, 2019 Order [Doc. No. 170] and April 30, 2019 Amended Order [Doc. No. 180] are **AFFIRMED**;

7. As to Defendant's Letter [Doc. No. 226] Re: Witness Availability for Trial, the Court directs Defendant, within one week of receipt of this Order, to provide written evidence that his witnesses are unavailable in September, but are available in October.

8. Defendant's Letter Request [Doc. No. 227] and Motion [Doc. No. 228] for Reconsideration are **DENIED**, and his Motion to Reopen the Suppression Hearing [Doc. No. 238] is **DENIED AS MOOT**.

9. Defendant's Letter Request for a Status Conference [Doc. No. 229] is **DENIED AS MOOT**;

10. Defendant's Letter Request for Assistance and Status Conference [Doc. No. 231] is **DENIED AS MOOT** in part and **DENIED** in part.

Dated: July 24, 2019                                s/Susan Richard Nelson
                                                   SUSAN RICHARD NELSON
                                                   United States District Judge