# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **United States of America,** | Criminal File No. 18-CR-149 (SRN/DTS) |
| Plaintiff, | |
| v. | ORDER |
| **Norris Deshon Andrews,** | |
| Defendant. | |

Norris Deshon Andrews, Sherburne County Jail, 13880 Business Center Dr., Ste. 200, Elk River, MN 55330, *pro se*

Daniel L. Gerdts, 331 Second Ave. S., Ste. 705, Minneapolis, MN, standby counsel for Defendant

Jeffrey Paulsen and Samantha Bates, United States Attorney's Office, 300 South Fourth Street, Ste. 600, Minneapolis, MN 55415, for the Government

SUSAN RICHARD NELSON, United States District Judge

Before the Court is the Motion to Suppress/Exclude Evidence Due to Late and Untimely Disclosure/Violation of Rule 16 [Doc. No. 184] filed by Defendant Norris Deshon Andrews. In the July 24, 2019 Order [Doc. No. 245], the Court deferred ruling on the motion at that time, noting that the magistrate judge would entertain supplemental briefing following the July 18, 2019 reopened suppression hearing and the Court would rule on the motion closer to trial.

Evidence offered at the reopened suppression hearing was limited to newly disclosed evidence on limited topics. Following the reopened suppression hearing, Magistrate Judge

Schultz issued an Order and Report and Recommendation [Doc. No. 261] denying Defendant's motions, which the Court has since affirmed and adopted [Doc. No. 270]. Because the instant motion pertains to newly disclosed evidence, the Court finds it appropriate to rule on it at this time.

I. DISCUSSION

Andrews asserts that the Government failed to timely disclose particular evidence— certain Minneapolis Police Department reports, vehicle impound reports, bodycam videos, and audio recordings— in violation of its discovery obligations. (Def.'s Mot. at 1; *id.*, Attach. 1 [Doc. No. 185] at 1–3.) The Government disclosed the evidence on April 12 and 16. (See Def.'s Mot., Attach. 1 at 1–3.) Andrews contends that the Government attempted to "suppress" this evidence "in a[n] effort to hide the officers['] of the Minneapolis Police Department misconduct/framing of the defendant by conducting illegal searches, planting evidence and breaking into a SUV." (Def.'s Mot. at 1.) He asserts that by failing to disclose this evidence on a timely basis, the Government has violated his Fifth and Sixth Amendment rights. (*Id.*) In particular, Andrews contends that the evidence would have been useful for several reasons: to impeach Government witnesses, provide alibi evidence, and exonerate him. (*Id.* at 2.) Andrews requests that the evidence in question be suppressed and the motions hearing be reopened to enter the newly discovered evidence into the record and permit him to examine witnesses on this evidence. (*Id.* at 1–2.)

As to his request to reopen the suppression hearing, the hearing was, in fact, reopened on July 18, 2019, and Andrews had the opportunity to offer newly disclosed

discovery in evidence and examine witnesses. His request for relief on this basis is therefore denied as moot.

The Court notes that Defendant's request to suppress or exclude the evidence, however, runs counter to his actions in moving for the production of the discovery and admission of the evidence. In any event, there is no basis for suppressing this evidence due to late or untimely disclosure. The Government notes that subject to certain exceptions, Rule 16(a)(2) generally exempts the disclosure of reports and internal government documents "made by [a] . . . government agent in connection with investigating or prosecuting the case." (*See* Gov't's Resp. [Doc. No. 200] at 6); Fed. R. Crim. P. 16(a)(2). The Government's actions in initially not disclosing the evidence on this basis were not improper.

To the extent that the evidence contains officers' statements or witness statements, they could be discoverable as *Jencks* material, if the officer or witness were to testify at trial. The Government agreed to provide *Jencks* material not later than three business days prior to trial. (Gov't's Resp. to Pretrial Mots. [Doc. No. 34] at 1; Sept. 10, 2018 Hr'g Tr. [Doc. No. 51] at 7.) To the extent that this evidence contains *Jencks* material, Defendant will have had it over *five months* before trial.

Nor has the Government violated its obligations under *Brady* and *Giglio*. Setting aside whether the evidence could even be considered materially favorable to Andrews, the Government agreed to disclose any such evidence as it came to light. (Gov't's Resp. to Pretrial Mots. [Doc. No. 34] at 1.) As noted, the Government disclosed the evidence on April 12 and 16. (See Def.'s Mot., Attach. 1.) Trial is scheduled to begin on September

23, 2019.  Defendant has had ample time to review this evidence in preparation for trial, his defense has not been prejudiced, and the Government has not violated its discovery obligations.  Accordingly, Defendant's motion to suppress is denied.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion [Doc. No. 184] to Suppress/Exclude Evidence Due to Late and Untimely Disclosure is **DENIED** as to the suppression of the evidence and **DENIED AS MOOT** as to reopening the suppression hearing on this basis.


Dated:  September 4, 2019                             s/Susan Richard Nelson
                                                     SUSAN RICHARD NELSON
                                                     United States District Judge