UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Norris Deshon Andrews,<br><br>Defendant. | Case No. 18-CR-00149(1) (SRN/DTS)<br><br>**MEMORANDUM OPINION<br>& ORDER** |

Samantha H. Bates, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff.

Norris Deshon Andrews, USP McCreary, P.O. Box 3000, Pine Knot, Kentucky 42635, Pro Se Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Norris Deshon Andrews' Pro Se Motion for Enlargement of 1 Year Window to File 2255 Motion ("Def.'s Extension Mot.") [Doc. No. 376], Pro Se Motion for Order of Writ of Habeas Corpus AD Testificandum ("Def.'s Writ Mot.") [Doc. No. 380], and Pro Se Rebuttal Motion to [the Government's] Reply Doc # 378 ("Def.'s Rebuttal Mot.") [Doc. No. 381]. Based on a review of the file, record, and proceedings therein, and for the reasons set forth below, the Court denies Mr. Andrews' Motions.

**I. BACKGROUND**

Following a June 2018 indictment, a jury found Mr. Andrews guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). *See United*

1

States v. Andrews, 861 F. App'x 113, 114–15 (8th Cir. 2021), *cert. denied*, 142 S. Ct. 1134 (2022). (*See also* Redacted Jury Verdict [Doc. No. 294].) In March 2020, the Court sentenced Mr. Andrews to 262 months in prison and a five-year term of supervised release. (*See* Sentencing J. [Doc. No. 326].)

Mr. Andrews filed a direct appeal with the Eighth Circuit Court of Appeals challenging several aspects of his sentence. *See Andrews*, 861 F. App'x at 114. In August 2021, the Eighth Circuit affirmed Mr. Andrews' sentence. *See id.* at 119. Mr. Andrews then petitioned the United States Supreme Court for a writ of certiorari, and the Supreme Court denied his Petition on February 22, 2022. (*See* S. Ct. Denial of Cert. [Doc. No. 375].)

On October 5, 2022, Mr. Andrews filed a Motion seeking an extension of time in which to file a future motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which is currently pending before the Court. (Def.'s Extension Mot. at 1.) Mr. Andrews argues that he intends to allege in a future § 2255 motion that his sentence violates the Constitution due to the ineffective assistance of his defense counsel. (*Id.* at 2.)

On January 13, 2023, Mr. Andrews filed two additional Motions, including a Pro Se Motion for Order of Writ of Habeas Corpus AD Testificandum, and a Pro Se Rebuttal Motion to [the Government's] Reply Doc # 378. In his Writ Motion, he asks that the Court order that he "be brought back to a local county/Federal Holding Facility to Prepare his 2255 Motion!" (Def.'s Writ Mot. at 1.) In his Rebuttal Motion, Mr. Andrews asks that the Court "grant [his] enlargement motion request at Docket # 376." (Def.'s Rebuttal Mot. at 2.)

## II.    DISCUSSION

If a criminal defendant believes that a constitutional or other federally protected right has been violated, they may file a motion to vacate, set aside, or correct their sentence pursuant to 28 U.S.C. § 2255, which provides that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Such relief is only available in limited circumstances. As the Eighth Circuit has stated, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

Section 2255 establishes a one-year statute of limitations for filing a § 2255 motion. *See* 28 U.S.C. § 2255(f). That one-year period begins tolling from the latest of:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). It appears from the record that Mr. Andrews' one-year period began tolling from the date that his conviction became final, which was on February 22, 2022. (*See generally* S. Ct. Denial of Cert.)

Mr. Andrews seeks a six-month extension to this one-year statute of limitations. (Def.'s Extension Mot. at 1.) Construing Mr. Andrews' pro se filings liberally, *see United States v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)), he identifies five reasons for his extension request: (1) he has spent significant amounts of time in the Federal Bureau of Prison's ("BOP") Special Housing Unit ("SHU") due to several transfers between facilities and the BOP's COVID-19-related restrictions for such transferees; (2) the BOP's COVID-19-related restrictions have limited his access to legal materials; (3) his transfers between BOP facilities have delayed his receipt of personal effects; (4) he did not receive prompt notice that his conviction and sentence had become final; and (5) he did not become aware of the one-year statute of limitations under § 2255, nor that his one-year period began tolling in February 2022, until his wife informed him in July 2022. (Def.'s Extension Mot. at 1–2.)

The Government opposes Mr. Andrews' Motion on two grounds. First, the Government argues that the Court lacks jurisdiction to rule on Mr. Andrews' Motion because only the filing of a § 2255 motion gives the Court jurisdiction to decide this related procedural matter. (Gov't's Opp'n [Doc. No. 378] at 3–4.) And second, it contends that Mr. Andrews still has until February 22, 2023, in which to timely file a § 2255 motion, and

that at the time of filing his Extension Motion, he still had ample time in which to file a motion. (*Id.* at 4–5.)

While the Court is sympathetic to Mr. Andrews' frustrations about the impacts of COVID-19 on his life in prison, it is not aware of any controlling legal authority empowering it to grant the prospective relief that Mr. Andrews seeks—namely, a six-month extension to the one-year statute of limitations set forth by § 2255(f). (Def.'s Extension Mot. at 2.) There is no statutory basis, under § 2255 or otherwise, nor any controlling caselaw from the Supreme Court or Eighth Circuit, that gives this Court such authority.[1] *United States v. Spencer*, No. 14-CR-3221 (SRN/TNL), 2017 WL 11592881, at *2 (D. Minn. Oct. 10, 2017). The Court also will not construe this request as one for equitable tolling when made prospectively.[2] Therefore, Mr. Andrews' Extension Motion is denied.

---

[1] Motions to vacate, set aside, or correct a defendant's sentence under § 2255 present unique jurisdictional issues. Several circuits have held that such motions initiate a quasi-civil action, and that district courts have jurisdiction to grant extensions to the one-year filing deadline under § 2255(f) only if the extension motion is filed concurrently with either an explicit § 2255 motion, or a motion containing allegations that can be construed as such. *See Green v. United States*, 260 F.3d 78, 82–83 (2d Cir. 2001); *United States v. Asakevich*, 810 F.3d 418, 423 (6th Cir. 2016). Neither the Supreme Court nor the Eighth Circuit have ruled on this jurisdictional question. Consequently, some district courts in the Circuit have followed the persuasive authority set forth in *Green* and *Asakevich*, *see, e.g.*, *United States v. Anderson*, No. 03-CR-426 (RHK/AJB), 2007 WL 2973838, at *1–2 (D. Minn. Oct. 9, 2007), while others have not, *see, e.g.*, *Spencer*, 2017 WL 11592881, at *2 n.1.

Here, Mr. Andrews did not file his extension Motion concurrently with a § 2255 motion, nor does he make sufficient allegations in his extension Motion that would allow the Court to construe it as a § 2255 motion itself. *See United States v. Jackson*, 25 F.4th 604, 606 (8th Cir. 2022).

[2] A defendant who files a § 2255 motion after the one-year deadline may seek equitable tolling of the deadline where extraordinary circumstances prevented timely filing

Turning to Mr. Andrews' Pro Se Motion for Order of Writ of Habeas Corpus AD Testificandum, Mr. Andrews presents no authority upon which the Court could order that he be transferred to a different facility, nor can the Court locate any such authority. The Court therefore denies Mr. Andrews' Writ Motion.

Finally, as to Mr. Andrews' Pro Se Rebuttal Motion to [the Government's] Reply Doc # 378, the Court finds that this Rebuttal Motion merely restates Mr. Andrews' requested relief in his Extension Motion. Therefore, the Court denies the Rebuttal Motion for the same reasons that it denies the Extension Motion.

Accordingly, based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1)   Mr. Andrews' Pro Se Motion for Enlargement of 1 Year Window to File 2255 Motion [Doc. No. 376] is **DENIED**;

---

and the defendant has demonstrated diligence in seeking the requested relief. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is thus an exception to the rule, and courts fashion relief under its auspices sparingly. *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001) (noting that "Congress took many equitable factors into account" when creating § 2255(f)'s one-year limitations period, and that equitable tolling by courts should "be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.") (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). *Compare United States v. Martin*, 408 F.3d 1089, 1092–94 (8th Cir. 2005) (holding that equitable tolling of the one-year § 2255 motion deadline was warranted where defendant's attorney "consistently misled" defendant) *with Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (affirming equitable tolling was not warranted where prisoner alleged he was confined in the SHU for five-months with limited access to legal materials because there was some evidence that he had access to writing materials and was not prohibited from contacting the court) *and United States v. De Los Santos Garcia*, No. 17-CR-0294 (WMW/TNL), 2022 WL 1271729, at *2 (D. Minn. Apr. 28, 2022) (acknowledging the COVID-19 pandemic has limited prisoners' access to prison libraries and other legal resources, but that equitable tolling is rarely warranted upon that basis alone). Here, the Court makes no finding as to whether equitable tolling is warranted.

2)  Mr. Andrews' Pro Se Motion for Order of Writ of Habeas Corpus AD Testificandum [Doc. No. 380] is **DENIED**; and

3)  Mr. Andrews' Pro Se Rebuttal Motion to [the Government's] Reply Doc # 378 [Doc. No. 381] is **DENIED**.

Dated: March 2, 2023   /s Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge