UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Norris Deshon Andrews<br><br>Defendant. | Case No. 18-CR-149 (SRN/DTS)<br><br><br>**ORDER** |

William C. Mattessich and Samantha Bates, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for the Government;

Norris Deshon Andrews, Reg. No. 21579-041, USP Coleman 1, P.O. Box 1033, Coleman, FL 33521, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

Pending before the Court are two motions filed by Defendant/Petitioner Norris Deshon Andrews, pro se: (1) Motion for Order to Re-Send Order [Doc. No. 403]; and (2) Motion for Extension of Time [Doc. No. 405].

Mr. Andrews advises in his Motion for Extension of Time that he received the Court's Order on Motion to Vacate [Doc. No. 399] on September 13, 2023. Accordingly, the Court denies as moot his request to have the clerk's office resend that order.

Mr. Andrews has moved the Court for an extension of time to file an appeal of the Court's Order on Motion to Vacate pursuant to Federal Rule of Civil Procedure 4(a)(5). Rule 4(a)(1)(B) provides that in a case where the United States is a party, any party wishing to file an appeal to a court order must file their notice of appeal within 60 days after entry

1

of the judgment or order. Rule 4(a)(5) permits a district court to extend a party's time to file by up to 30 days after the prescribed time, or 14 days after the date when the order granting the extension is entered, whichever is later. Fed. R. Civ. P. 4(a)(5). A party must make their request within 30 days after the time prescribed in Rule 4(a) expires. Fed. R. Civ. P. 4(a)(5)(A)(i). A party must further show excusable neglect or good cause before a district court can grant a motion for the extension of time to file a notice of appeal. Fed. R. Civ. P. 4(a)(5)(A)(ii).

Mr. Andrews requests that the Court allow him a 45-day extension of time to file his notice of appeal from the Court's Order. Mr. Andrews states in his motion that, although the Court's Order was entered on August 3, 2023, he did not receive a copy of the order until September 13, 2023. Mr. Andrews informs the Court that he was transferred to a new facility, and that the transfer took multiple weeks and caused some of the delays in his ability to receive the Court's order. Mr. Andrews also states that he remains without access to certain docket entries and pleadings. Mr. Andrews finally notes that the facility he is in now is on lockdown, which is hindering his ability to prepare his notice of appeal. Mr. Andrews attached to his motion a notice of enhanced modified operations at FCC Coleman as evidence of the facility lockdown.

The Court first notes that, because the Court's Order on Motion to Vacate was entered on August 3, 2023, and because the United States is a party to this matter, the Court calculates Mr. Andrews' deadline to file a notice of appeal to be October 2, 2023. *See* Fed. R. Civ. P. 4(a)(1)(B). The Court thus finds that Mr. Andrews has made a timely request.

Across the country, "courts have found that difficulties frequently encountered by inmates, such as prison transfers, confinement in segregated housing units, and/or limited access to legal materials, especially when considered in light of their pro se status, constitute 'good cause' for purposes of Rule 4(a)(5)." *Morrison v. Wolcott*, No. 9:22-CV-1267, 2023 WL 5367792, at *2 (N.D.N.Y. Aug. 22, 2023) (quoting *Levesque v. Clinton County*, No. 9:10-CV-0787, 2014 WL 2090803, at *2 (N.D.N.Y. May 19, 2014); *see also Williams v. Adams*, No. CV F 04-5203, 2006 WL 1071962 (E.D. Cal. Apr. 24, 2006); *Khoa Chuong Le v. Dretke*, No. 3-03-CV-2042-H, 2004 WL 1161400 (N.D. Tex. May 21, 2004). Here, like in these cases, Mr. Andrews requests an extension of time to file based on his lack of access to court records and legal research materials for reasons out of his control (namely, transferring facilities and a facility lockdown). The Court finds that in light of Mr. Andrews' pro se status, he has demonstrated good cause to grant an extension.

The Court is limited in its ability to grant an extension by Rule 4(a)(5). Because Mr. Andrews made his request before his filing deadline, the Court can only grant an extension up to 30 days from October 2, 2023, which the Court calculates to be November 1, 2023. The Court accordingly grants Mr. Andrews' request for an extension, but denies the request for 45 additional days. Mr. Andrews shall have 30 additional days to file a notice of appeal in this matter.

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

    I.    Defendant's Pro Se Motion for Order to Re-Send Order [Doc. No. 403] is **DENIED as Moot**.

**II.** Defendant's Pro Se Motion for Extension of Time [Doc. No. 405] is **GRANTED in Part and DENIED in Part**. Mr. Andrews shall have an additional 30 days from October 2, 2023, to file a notice of appeal in this matter.

**IT IS SO ORDERED.**

Dated: September 21, 2023                         /s/ Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Judge