UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Norris Deshon Andrews,<br><br>Defendant. | Case No. 18-cr-149 (SRN)<br><br>**ORDER** |

Samantha Bates and William Mattessich, United State's Attorney's Office, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, for the United States.

Norris Deshon Andrews, Reg. No. 21579-041, FCC-USP Coleman 1, P.O. Box 1033, Coleman, FL 33521, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Norris Deshon Andrews' Motion to Disqualify [Doc. No. 407]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **DENIES** the motion.

I.  BACKGROUND

Mr. Andrews was convicted by a jury in October 2019 of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e)(1) [Doc. No. 294], and is currently serving a 262-month sentence [Doc. No. 326]. On his direct appeal, the Eighth Circuit Court of Appeals affirmed his conviction and sentence [Doc. No. 372], and the U.S. Supreme Court denied certiorari [Doc. No. 375].

Mr. Andrews then filed a motion for collateral relief under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence [Doc. No. 383]. Among his claims, he challenged this Court's rulings and accused the Court of bias [Doc. No. 385].[1] In a 43-page order [Doc. No. 399], the Court thoroughly addressed all of Mr. Andrews' claims, finding them to be without merit, and denied his petition and a certificate of appealability.

In September 2023, the Court granted in part Mr. Andrews' Pro Se Motion for an Extension of Time to Appeal the Court's ruling on his § 2255 Motion, giving him until November 1, 2023 to file an appeal [Doc. No. 406]. While this was not the 45-day extension that Mr. Andrews had requested, the Court explained that it could only grant an extension of up to 30 days from Mr. Andrews' filing deadline. *See* Fed. R. App. P. 4(a)(5).

Shortly thereafter, Mr. Andrews filed the instant motion and accompanying affidavit, requesting that the undersigned judge be "removed/disqualified from presiding over [his] appeal/2255." [Doc. No. 407].

## II.  DISCUSSION

Under 28 U.S.C. § 455(a), disqualification is required "in any proceeding in which [the judge's] impartiality might reasonably be questioned." Disqualification is required under § 455 "if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *United States v. Wisecarver*, 644 F.3d 764, 771 (8th Cir. 2011) (citation and quotations omitted).

---

[1] He also asserted a claim of ineffective assistance of counsel and presented a constitutional challenge to his conviction under § 922(g).

Because judges are presumed to be impartial, a party seeking recusal bears a substantial burden of proving the lack of impartiality.  *United States v. Hogeland*, 10-CR-0061 PJS/AJB, 2012 WL 4868904, at *8 (D. Minn. Oct. 15, 2012), *aff'd sub nom. United States v. Bennett*, 765 F.3d 887 (8th Cir. 2014) (citing *United States v. Dehghani*, 550 F.3d 716, 721 (8th Cir. 2008) (citation and quotations omitted)).

The Court has reviewed Mr. Andrews' memorandum and affidavit and finds that he fails to meet the substantial burden of demonstrating a lack of impartiality on the part of the undersigned judge.  He contends that the Court purposely delayed rulings in an effort to "try to cause [him] to file and miss important dates/deadlines pending" the rulings. (Aff. [Doc. No. 408] at 3.)   The record, however, demonstrates that the Court has frequently granted Mr. Andrews extensions and Mr. Andrews fails to demonstrate any intentional delay on the Court's part.  In his Affidavit, Mr. Andrews also repeats numerous arguments that this Court has previously addressed in prior rulings.  (*See id*. at 6–17.)  The fact that Mr. Andrews disagrees with the Court's rulings does not demonstrate judicial bias.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

In addition, Mr. Andrews specifically seeks to disqualify the undersigned from his "appeal/2255."  However, the Court has already ruled on his § 2255 Motion, and if he appeals that ruling to the Eighth Circuit, the appellate court will entertain his appeal, not this Court.

For all of these reasons, Mr. Andrews' motion is denied.

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Mr. Andrews' Motion to Disqualify [Doc. No. 407] is **DENIED**.

Dated: October 30, 2023

<u>s/Susan Richard Nelson</u>
SUSAN RICHARD NELSON
United States District Judge