UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Norris Deshon Andrews,<br><br>Defendant. | Case No. 18-CR-149 (SRN/DTS)<br><br>**ORDER** |

William Mattessich, U.S. Attorney's Office, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, for the Government

Norris Deshon Andrews, Reg. No. 21579-041, FCC-USP Coleman 1, P.O. Box 1033, Coleman, FL 33521, Pro Se

SUSAN RICHARD NELSON, United States District Judge

Before the Court are three pro se motions filed by Defendant Norris Deshon Andrews: (1) Motion to Appoint Counsel [Doc. No. 364]; (2) Motion for Ordering Transcripts [Doc. No. 420]; and (3) his Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60 ("Rule 60 Motion") [Doc. No. 421]. For the reasons set forth below, the motions are denied.

I.   BACKGROUND

Mr. Andrews is serving a 262-month sentence following his October 2019 conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). On direct appeal, the Eighth Circuit affirmed his conviction and sentence. *United States v. Andrews*, 861 F. App'x 113 (8th Cir. 2021); (8th Cir. J. [Doc.

No. 372].) The U.S. Supreme Court denied his petition for certiorari. (Cert. Notice [Doc. No. 375].)

Mr. Andrews then sought review under 28 U.S.C. § 2255, raising fifty grounds for relief, which the Court broadly characterized as follows: (1) ineffective assistance of counsel; (2) a constitutional challenge to his conviction under 18 U.S.C. § 922(g); (3) Government misconduct; and (4) the Court's alleged abuse of discretion. The Court found Mr. Andrews' arguments were without merit and denied relief, denied an evidentiary hearing, and denied a certificate of appealability. (Aug. 3, 2023 Order [Doc. No. 399].) Mr. Andrews requested a certificate of appealability from the Eighth Circuit [Doc. Nos. 411 & 412], which the court denied [Doc. No. 417].

II.   DISCUSSION

A. Motion to Appoint Counsel

Mr. Andrews' Motion to Appoint Counsel relates to his Motion for Compassionate Release [Doc. No. 358]. The Court has long since ruled on Mr. Andrews' Motion for Compassionate Release [Doc. No. 365]. Accordingly, the Court denies the Motion to Appoint Counsel as moot.

B. Motion for Transcripts

In his Motion for Transcripts, Mr. Andrews requests all transcripts from grand jury proceedings, pretrial hearings, trial, and sentencing. (Mot. for Tr. at 2.) However, he fails to indicate the type of motion he intends to file or to provide any information about the type of issues he intends to raise. He has already filed a direct appeal. A defendant in a federal criminal case is not automatically entitled to a free transcript for use in collateral

proceedings. Rather, "whether the [defendant] is entitled to a free transcript depends on whether he [has] satisfied the requirements of [28 U.S.C. §] 753(f)." *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993); *see also United States v. Losing*, 601 F.2d 351, 31–53 (8th Cir. 1979) (affirming denial of free transcript as premature and noting Supreme Court authority under which a free transcript may be provided "only after judicial certification that they are required to decide the issues presented by a non-frivolous pending case."). Under § 753(f), a person pursuing a claim under 28 U.S.C. § 2255 may be eligible for a free transcript "if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f); *see also id.* ("Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)."). But Mr. Andrews has already filed his 2255 Motion, which the Court denied.

Mr. Andrews has not identified the issues that he intends to raise, nor has he identified any specific need for the transcript or the type of motions he intends to file. Therefore, the Court cannot certify that those issues are not frivolous or that a transcript is necessary for resolving them. *See United States v. Williams*, No. 04-CR-0251(1) (ADM/AJB), 2009 WL 2766902, at *1 (D. Minn. Aug. 27, 2009) ("[I]t clearly appears that Defendant is seeking free transcripts and other materials simply to peruse them, with the hope of finding something that might somehow support a collateral challenge to his conviction or sentence. However, transcripts and related materials will not be provided

free of charge for such purposes."). Accordingly, Mr. Andrews' Motion for Transcripts is **DENIED**.

### C. Rule 60 Motion

Mr. Andrews seeks relief under Federal Rule of Civil Procedure 60(a) and 60(b)(1), (3), and (5). (Def.'s R. 60 Mot. at 4–5.) Rule 60(a) permits a court to correct a judgment due to a clerical error, oversight, or omission. Fed. R. Civ. P. 60(a). Also, and as relevant here, Rule 60(b) addresses the grounds for which a litigant may seek relief from judgment, including excusable neglect, and fraud, misrepresentation or misconduct by an opposing party, or because of a void judgment. Fed. R. Civ. P. 60(b)(1), (3). In addition, under Rule 60(b), a party may seek relief from judgment if the judgment has been satisfied or discharged. Fed. R. Civ. P. 60(b)(5). A motion brought under Rule 60(b)(1) and (3) must be made no later than a year after the entry of judgment.[1] Fed. R. Civ. P. 60(c)(1).

In addition, although the instant motion is filed pursuant to Rule 60, it also implicates the habeas corpus statute for collateral relief, 28 U.S.C. § 2255. Under 28 U.S.C. § 2255, a prisoner in federal custody has a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by a court. The law limits a defendant to one 2255 motion unless he obtains certification for a second or successive motion from the appropriate Court of Appeals. See 28 U.S.C. §§ 2244, 2255(e), (h). A defendant may not bypass the authorization requirement of § 2255 by purporting to invoke some other

---

[1] To the extent Mr. Andrews seeks relief under Rule 60(b)(1) and (3), any such claims are untimely, as he was sentenced on March 23, 2020.

procedure, such as Rule 60.  *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curium) (citations omitted) ("It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure."), *cert. denied*, 545 U.S. 1135 (2005).

The Eighth Circuit advises district courts, when dealing with a purported Rule 60 motion following the dismissal of a habeas petition, to "conduct[] a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255."  *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002).  If the motion is "actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, [ ] transfer the [ ] motion to the Court of Appeals."  *Id*.

### 1. Cell Phone Location Evidence

Mr. Andrews disavows that his Rule 60 Motion is actually a second or successive § 2255 motion.  (Def.'s R. 60 Mot. at 1, 5, 19.)  However, despite the label he attaches to the motion, he repeats his past 2255 argument concerning the admissibility of cell phone location evidence.  (*Id*. at 18–20.)  Mr. Andrews argues that through "court mistake/oversight," the Court failed to address this topic in its August 3, 2023 Order on his 2255 Motion.  (*Id*. at 19.)  To the contrary, the Court addressed it, noting that Mr. Andrews asserted this claim in the context of his claim of ineffective assistance of counsel (*id*. at 24 n.5), and as one basis for the Court's alleged abuse of discretion.  (*Id*. at 21–33.)  In denying relief in the § 2255 context, the Court expressly incorporated by reference the reasoning in

5

its prior Orders of May 8, 2019, June 19, 2019, and September 4, 2019—all of which addressed his challenge to the cell phone location evidence. (*Id*. at 33–34.) There is no fraud or excusable neglect warranting relief under Rule 60. Rather, this claim is merely a successive § 2255 ground for relief for which Mr. Andrews has failed to obtain authorization. *See* 28 U.S.C. §§ 2244, 2255(e), (h). Accordingly, the Court lacks jurisdiction to entertain this claim and denies relief.

2. **Sentencing Challenge**

Relying on *Wooden v. United States*, 595 U.S. 360 (2022), Mr. Andrews argues that the Court erred at sentencing when it counted his two Minnesota second-degree assault convictions as separate predicate offenses under the Armed Career Criminal Act (ACCA). (Def.'s Mot. at 20–29.) As relevant here, under the ACCA, courts may impose a sentencing enhancement if the defendant violates 18 U.S.C. § 922(g) and has three previous convictions for violent felonies, "committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

At sentencing, the Court applied the ACCA sentencing enhancement based on Mr. Andrews' two second-degree assault convictions and a third-degree assault conviction. (Sentencing Tr. [Doc. No. 344] at 4–10.) In finding that the two second-degree assault convictions were committed on different occasions, the Court relied on the detailed facts set forth in the Minnesota Court of Appeals' 2012 decision on Mr. Andrews' state-court direct appeal, *State v. Andrews*, Nos. A11-2200, A11-2201, 2012 WL 5834450, at *1–2 (Minn. Ct. App. Nov. 19, 2012). (*Id*.) Mr. Andrews argued against the ACCA enhancement at sentencing, on direct appeal, and in his 2255 Motion. (PSR Obj. [Doc. No.

6

308]); *see United States v. Andrews*, 861 F. App'x 113, 117 (8th Cir. 2021); (Def.'s 2255 Mem. [Doc. No. 385] at 45–46.) In response to his 2255 Motion, the Court denied relief on his ACCA-related claims, although it focused on his primary ACCA argument, which arose under *Borden v. United States*, 593 U.S. 420 (2021). (Aug. 3, 2023 Order at 21–23; 31 n.6.) Mr. Andrews' renewal of his claim here amounts to a successive motion under § 2255, for which he has not obtained authorization. *See* 28 U.S.C. §§ 2244, 2255(e), (h).

To the extent Mr. Andrews argues that *Wooden* permits him to file a successive 2255 motion, (Def.'s R. 60 Mot. at 20–21), he is incorrect. The Supreme Court issued *Wooden*, 595 U.S. 360, prior to the filing of Mr. Andrews' 2255 Motion, and he did not rely on it. (*See* Def.'s 2255 Mem. at 46.) Mr. Andrews explains that he was unaware of *Wooden* at the time due to prison lockdowns and a lack of access to legal research. (Def.'s R. 60 Mot. at 22.) *Wooden* is irrelevant to the instant motion, however, because Mr. Andrews raised his ACCA claim in his 2255 Motion regardless of *Wooden*. (Def.'s 2255 Mem. at 45–46.)

Moreover, nothing about *Wooden* changes the outcome of his ACCA claim. In *Wooden*, the Supreme Court held that the defendant's ten prior convictions for burglaries committed in ten separate storage units on the same night did not constitute separate "occasions" for purposes of the ACCA sentencing enhancement. 595 U.S. at 366–71. Discussing what is meant by separate "occasions," the Supreme Court observed that "[c]ourts . . . have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart, or at a 'significant distance.'" *Id*. at 370 (citations omitted). It noted that "[i]n many cases, a single factor—especially of time or

7

place—can decisively differentiate occasions." *Id.* Unlike the same-time, same-location offenses in *Wooden*, Mr. Andrews' two convictions for second-degree assault occurred on two separate days, in two different locations, *see Andrews*, 2012 WL 5834450, at *1, thus constituting two distinct "occasions" for purposes of ACCA.[2] (*See* Sentencing Tr. at 4–5.)

Finally, Mr. Andrews argues that the Court erred when the Court, and not the jury, determined that the two second-degree assault convictions were committed on different occasions. (Def.'s R. 60 Mot. at 25.) The Court notes that in *Erlinger v. United States*, 602 U.S. 821, 835 (2024)—a decision issued four years after Mr. Andrews' sentencing—the Supreme Court held that a jury, and not a judge, must decide if ACCA predicate felonies are committed on three different occasions. Although Mr. Andrews does not refer to *Erlinger* in his Rule 60 Motion, even if he did, *Erlinger* has not been made retroactive on collateral review, and is therefore unavailable here. *United States v. Dunn*, No. 19-cr-

---

[2] While Mr. Andrews characterizes the two assaults as a single 24-hour altercation with his ex-girlfriend concerning the return of his property (Def.'s R. 60 Mot. at 23–24) (stating that "threats were continuously made till the property was dropped off!"), the first assault happened on December 29, 2010, and the second on December 30, 2010, in a different location. *Andrews*, 2012 WL 5834450, at *1–2.

Mr. Andrews also relies on the Minnesota Court of Appeals' decision in *Andrews*, *id.* at *6–7, for the proposition that his two second-degree assault offenses should be treated as one. (Def.'s R. 60 Mot. at 24–25.) The Minnesota Court of Appeals found that Mr. Andrews could not be twice convicted for the unlawful possession of a firearm on both December 29 and 30. *Andrews*, 2012 5834450, at *6–7. For purposes of the elements of unlawful possession, the Minnesota Court of Appeals found there was no evidence that his firearm possession had been interrupted sufficient to constitute separate unlawful possession offenses. *Id.* The Minnesota Court of Appeals made no such findings concerning his two second-degree assault convictions for his conduct on December 29 and 30, which the court affirmed. *Id.* at *4–6.

268(01) (MJD), 2025 WL 316100, at *7 (D. Minn. Jan. 28, 2025) ("*Erlinger* has not been made retroactive."); *see also United States v. Watkins*, Nos. 1:21-cr-010, 1:24-cv-218, 2025 WL 786579, at *3 (D.N.D. Mar. 12, 2025) (holding *Erlinger* provides no avenue for relief under § 2255 as it has not been made retroactive); *United States v. Davis*, Nos. 8:24-cv-2068-SDM-AAS, 8:13-cr-534-SDM-AAS, 2024 WL 4544255, at *2 n.1 (M.D. Fla. Oct. 22, 2024) ("The Supreme Court has not made *Erlinger* retroactive to cases on collateral review, and only the Supreme Court has the authority to do this."); *McAdams v. United States*, 23–CV–04081–ESK, 2024 WL 4100368, at *4 (D.N.J. Sept. 6, 2024) (holding *Erlinger* is not retroactively applicable to cases on collateral review).

Accordingly, Mr. Andrews is not entitled to relief on these grounds.

### 3. Certificate of Appealability/Evidentiary Hearing

In order to appeal an adverse decision on a 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). This Court has considered whether the issuance of a certificate is appropriate here and finds that the basis for dismissal is not reasonably debatable. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Accordingly, the Court declines to issue a certificate of appealability.

Nor is an evidentiary hearing required. A 2255 motion may be dismissed without a hearing if: (1) the defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Moreover, where the record includes all of the information necessary for the court to rule on the motion, an evidentiary

hearing is unnecessary. *Covey v. United States*, 377 F.3d 903, 909 (8th Cir. 2004) (citations omitted). Applying this standard to the allegations and the record, the Court finds that Andrews's allegations are contradicted by the record, and the record includes all the information necessary for the Court to rule. Accordingly, no evidentiary hearing is required.

Therefore, it is **HEREBY ORDERED** that:

1. Defendant's Motion to Appoint Counsel [Doc. No. 364] is **DENIED as moot**.

2. Defendant's Motion for Transcripts [Doc. No. 420] is **DENIED**.

3. Defendant's Motion for Relief From Judgment Under Rule 60 [Doc. No. 421] is **DENIED**.

4. A Certificate of Appealability is **DENIED** and no evidentiary hearing is necessary.

Dated: April 9, 2025                         s/Susan Richard Nelson
                                             SUSAN RICHARD NELSON
                                             United States District Judge