# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Norris Deshon Andrews,<br><br>Defendant. | Case No. 18-CR-149 (SRN/DTS)<br><br><br>**ORDER** |

William Mattessich, U.S. Attorney's Office, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, for the Government

Norris Deshon Andrews, Reg. No. 21579-041, FCC-USP Coleman 1, P.O. Box 1033, Coleman, FL 33521, Pro Se

SUSAN RICHARD NELSON, United States District Judge

Before the Court is the Pro Se Motion for Pretrial Transcripts and Evidentiary Hearing Exhibits ("Motion for Transcripts") [Doc. No. 438] filed by Defendant Norris Deshon Andrews.  For the reasons set forth below, the motion is denied.

## I.    BACKGROUND

Mr. Andrews is serving a 262-month sentence following his October 2019 conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  On direct appeal, the Eighth Circuit affirmed his conviction and sentence.  *United States v. Andrews*, 861 F. App'x 113 (8th Cir. 2021); (8th Cir. J. [Doc. No. 372].)  The U.S. Supreme Court denied his petition for certiorari.  (Cert. Notice [Doc. No. 375].)

1

Mr. Andrews then sought review under 28 U.S.C. § 2255, raising fifty grounds for relief, which the Court broadly characterized as follows: (1) ineffective assistance of counsel; (2) a constitutional challenge to his conviction under 18 U.S.C. § 922(g); (3) Government misconduct; and (4) the Court's alleged abuse of discretion. The Court found Mr. Andrews' arguments were without merit and denied relief, denied an evidentiary hearing, and denied a certificate of appealability. (Aug. 3, 2023 Order [Doc. No. 399].) Mr. Andrews requested a certificate of appealability from the Eighth Circuit [Doc. Nos. 411 & 412], which the court denied [Doc. No. 417].

Mr. Andrews has also previously requested free copies of transcripts [Doc. No. 420], which the Court has denied. (April 9, 2025 Order [Doc. No. 426].)

## II.    DISCUSSION

In his current Motion for Transcripts, Mr. Andrews requests free copies of all transcripts and exhibits admitted at evidentiary hearings held on September 9 and 19, 2018; October 5, 2018; and December 17, 2018. (Mot. for Tr. at 2.) However, as in his previous request for free transcripts, he fails to indicate the type of motion he intends to file or to provide any information about the type of issues he intends to raise. He simply states he needs the materials "to show his claims to the appeal courts." (*Id.*)

He has already filed a direct appeal. A defendant in a federal criminal case is not automatically entitled to a free transcript for use in collateral proceedings. Rather, "whether the [defendant] is entitled to a free transcript depends on whether he [has] satisfied the requirements of [28 U.S.C. §] 753(f)." *Sistrunk v. United* States, 992 F.2d 258, 259 (10th Cir. 1993); *see also United States v. Losing*, 601 F.2d 351, 31–53 (8th Cir.

1979) (affirming denial of free transcript as premature and noting Supreme Court authority under which a free transcript may be provided "only after judicial certification that they are required to decide the issues presented by a non-frivolous pending case."). Under § 753(f), a person pursuing a claim under 28 U.S.C. § 2255 may be eligible for a free transcript "if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f); *see also id.* ("Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)."). But Mr. Andrews has already filed his 2255 Motion, which the Court denied.

Mr. Andrews has not identified the issues that he intends to raise, nor has he identified any specific need for the transcript or the type of motions he intends to file. Therefore, the Court cannot certify that those issues are not frivolous or that a transcript is necessary for resolving them. *See United States v. Williams*, No. 04-CR-0251(1) (ADM/AJB), 2009 WL 2766902, at *1 (D. Minn. Aug. 27, 2009) ("[I]t clearly appears that Defendant is seeking free transcripts and other materials simply to peruse them, with the hope of finding something that might somehow support a collateral challenge to his conviction or sentence. However, transcripts and related materials will not be provided free of charge for such purposes."). Accordingly, Mr. Andrews' Pro Se Motion for Transcripts is denied.

**III.   ORDER**

Therefore, it is **HEREBY ORDERED** that Mr. Andrews' Pro Se Motion for Transcripts [Doc. No. 438] is **DENIED**.


Dated: June 1, 2026                                         s/Susan Richard Nelson
                                                            SUSAN RICHARD NELSON
                                                            United States District Judge